573 A.2d 261

**Eunice Burch KNOX, Petitioner,**

v.

**The SECRETARY OF DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs January 19, 1990.

Decided April 12, 1990.

Eunice Burch Knox, petitioner, pro se.

Jeffrey P. Schmoyer, Asst. Counsel, Pittsburgh, for respondent.

Before CRUMLISH, Jr., President Judge, and PELLEGRINI, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Eunice Burch Knox (Knox), pro se, appeals from an order of the Secretary of the Department of Public Welfare (Secretary) denying her Request for Reconsideration of the Office of Hearings and Appeals' (OHA) order affirming the reduction of her food stamp eligibility. We reverse and remand for rehearing.

Knox had received food stamps in monthly allotments of $125.00. By notice dated September 26, 1988, the County Assistance Office (CAO) informed Knox that her monthly

food stamp allotment was being reduced from $125.00 to $61.00. The notice indicated that the reason for the reduction was Knox's son, Paul, was no longer in her household. Knox timely appealed the reduction to the Department of Public Welfare (DPW) on October 7, 1988.

A hearing was conducted on January 25, 1989, before a hearing officer of the DPW.[1] At the hearing, Kelvin Healey appeared as a witness on behalf of the CAO and testified that another worker, not himself, determined Knox's eligibility for food stamps to be $61.00 based upon the current information which was in the case file. However, a search of the case file at the time of the hearing did not produce the work sheet which showed the food stamp eligibility computation. There is no evidence in the record which indicates that Kelvin Healey was either directly involved with making the decision or initiating the action against Knox. The CAO caseworker who initiated the reduction action was Edith Tener; she was not present at the hearing.

On February 10, 1989, the hearing officer issued an adjudication in which he determined that "[i]n this case, the CAO was unable to provide information as to how it arrived at the $61 Food Stamp eligibility." He then issued the following order:

It is hereby ORDERED and DECREED that the appeal of the appellant is sustained in that the County Assistance Office is directed to provide the appellant with the computation which determined her to be eligible for $61 in Food Stamps as indicated on the notice of September 26, 1988.[2]

On February 14, 1989, the Director of the OHA issued a final administrative order affirming the decision of the

1. The hearing officer was referred to in the OHA order of February 14, 1989, as the Examiner; hereinafter referred to as hearing officer.

2. Although the order sustained Knox's appeal, the record indicates that the reduction continued in effect. Further, despite the directive of the hearing officer, there is no evidence in the record that Knox has ever received the computation sheet.

hearing officer.[3]  Knox timely filed with the Secretary on February 17, 1989, a Request for Reconsideration of the OHA decision.  The Secretary issued an order granting Reconsideration on February 28, 1989.  On April 7, 1989, the Secretary issued a final order denying Knox's Request for Reconsideration for the reasons stated by the Office of Hearings and Appeals.[4]

The issue before us is whether the Secretary of DPW erred in denying Knox's Request for Reconsideration. We note that our scope of review is limited to determining whether (1) there was a violation of constitutional rights, (2) all crucial findings of fact were supported by substantial evidence, and (3) an error of law was made.  *Estate of McGovern v. State Employes' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986); Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Knox contends that she was not afforded the proper opportunity to challenge the eligibility determination at the time of the hearing before the hearing officer.  Knox alleges that the DPW deviated from its Appeal and Fair Hearing procedures set forth in the Pennsylvania Code.  55 Pa.Code § 275, *et seq.*

The DPW's regulations mandate that the agency receiving the appeal make available to the appellant, prior to the hearing, the information contained in the case file upon which the decision or action is based as well as other case record materials which are relevant to the issues raised

---

**3.** At the time the written notice of decision is sent to the appellant, copies are sent to the Director of OHA who must affirm, amend, reverse or remand a hearing officer's decisions.  The Secretary may affirm, amend or reverse the decision of the Director, or remand the case to the hearing officer for further findings of fact.  55 Pa.Code § 275.4(h)(4).

**4.** The Office of Hearings and Appeals filed no reasons for its decision to affirm the decision of the hearing officer; the order being, "[i]t is hereby ORDERED and DECREED that the decision of the Examiner is affirmed."

by the appeal as described in § 275.3(a)(3).[5] 55 Pa.Code § 175.4(a)(3)(v)(E)(II)(-a-). Knox was not provided the opportunity, prior to or at the time of the hearing, to examine the materials upon which the CAO decision or action was based.

At the time of the hearing, the agency against which the appeal is made is responsible for seeing that their case record contains current information on the issue at question. 55 Pa.Code § 275.4(g)(7). The CAO is responsible for preparing relevant information which is to be presented at the hearing including detailed computation of the grant, allowances and income, before and after implementation of the agency decision or action. 55 Pa.Code § 275.4(g)(2)(iv). At the time of the hearing, the CAO record did not contain the computation sheet to show how it determined the $61.00 food stamp eligibility.

Additionally, CAO staff members who are directly involved with making the decision or initiating the action must be present at the hearing. 55 Pa.Code § 275.4(a)(3)(v)(E)(II)(-b-). Edith Tener was the CAO staff member directly involved with initiating the action against Knox. Edith Tener was not present at the hearing as required by agency regulation.

One of the responsibilities of the hearing officer in conducting the hearing is as follows:

(4) To assure that documents and records presented or referred to at the hearing are made part of the hearing transcript. Persons at the hearing have the right to examine documents and records used as evidence. 55 Pa.Code § 275.4(f)(4).[6]

The hearing officer is bound to make his adjudication solely on the information presented at the hearing. 55 Pa.Code § 275.4(g)(6), (h)(2)(i). The hearing officer erred, as a mat-

---

5. The appellant has the right to examine prior to the hearing, as well as during the hearing, documents which the county office will introduce as evidence. *See* 55 Pa.Code § 275.3(a)(3).

6. The DPW indicates in its brief that the transcript of the January 25, 1989 hearing was not included in the Certified Record as the tape of the hearing was apparently defective or lost.

ter of law, by not assuring that documents referred to at the hearing, the computation sheets, were made part of the transcript and by not restricting his decision to the hearing record.

Additionally, the notice of decision should specify the eligibility of the appellant and, if relevant, the amount of food stamps for which the appellant is eligible. 55 Pa.Code § 175.4(h)(3)(i). The notice of decision from the hearing officer did not specify the amount of food stamps for which Knox was eligible.

The Secretary's contention that Knox had had sufficient information, either prior to or subsequent to the hearing, to understand the basis for the reduction of her food stamp allotment is not supported by the record. The record before us demonstrates that the Appeal and Fair Hearing procedures were not adhered to which constituted an error of law. Accordingly, the Secretary erred in denying Knox's Request for Reconsideration.

## ORDER

AND NOW, this 12th day of April, 1990, the order of the Secretary of the Department of Public Welfare is hereby reversed, and the case is remanded for re-hearing.

Jurisdiction relinquished.

CRUMLISH, Jr., President Judge, dissents.