629 A.2d 201

Margaret FORGASH, Petitioner,

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 15, 1993.

Decided July 13, 1993.

Margaret Forgash, petitioner, pro se.

Sallie A. Rodgers, Asst. Counsel, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Margaret Forgash (Forgash) petitions for review of the final order of the Secretary of the Department of Public Welfare (DPW) which affirmed the decision of the Office of Hearings and Appeals (OHA) dismissing Forgash's appeal from the denial of her application for recertification of food stamp benefits. The issue presented on appeal is whether the denial of Forgash's application was proper pursuant to the Food Stamp Act (Act), 7 U.S.C. §§ 2011–2030, and the relevant regulations promulgated thereunder due to her refusal to sign the affidavit section of the application which contains a certification of the truth of the information provided in the application.

Forgash was certified to receive food stamp benefits until January 31, 1992. Before the certification of benefits expired, the Westmoreland County Assistance Office (CAO) mailed to Forgash an application form for recertification. After reviewing the application returned by Forgash, the CAO determined that it was incomplete due to her failure to sign the affidavit section of the application. On January 23, 1992, the CAO

returned the application to Forgash with a letter advising her to sign the affidavit. In response, Forgash did not sign the affidavit but instead sent a letter to the CAO explaining her reasons for not signing it. On January 30, 1992, the CAO sent a second letter advising Forgash that she was required to sign the affidavit. On February 5, 1992, Forgash again responded with a letter refusing to sign the affidavit. Based upon her refusal to sign the affidavit section, the CAO denied Forgash's application on February 6, 1992.

■ On Forgash's appeal, the hearing officer conducted a hearing wherein Forgash and the CAO's income maintenance caseworker testified. The hearing officer determined that the denial of the application was proper because Forgash refused to complete the application form. OHA affirmed the hearing officer's decision and after granting reconsideration, the Secretary of DPW entered a final order affirming the OHA's order. Forgash appealed to this Court which is limited in its scope of review to determining whether the adjudication is in accordance with the law, whether constitutional rights have been violated, or whether findings of fact are supported by substantial evidence. *Knox v. Secretary of Department of Public Welfare*, 132 Pa.Commonwealth Ct. 463, 573 A.2d 261 (1990).

The current multi-program application form which was mailed to Forgash before expiration of the certification in January 1992 is used for applicants applying for cash, medical, or energy assistance, food stamps, or social services and contains, inter alia, the following in its affidavit section, Section L:

By signing this form I certify that:

.        .        .        .        .

Understand that, subject to penalty for perjury, the information I have provided is true, correct and complete to the best of my knowledge; and

**Understand that I can be penalized by fine, imprisonment, or both, and/or reduction of benefits for giving**

**false information or not reporting changes that would affect my eligibility.**

. . . . .

If I am accepting cash assistance and/or medical assistance, I understand that by signing this form, I am:

. . . . .

Giving DPW the right to inspect, review, and copy any and all records for services received through the medical assistance program; and

Assigning and transferring all support rights, including arrearages due me and/or any other persons for whom I am applying, to DPW, to the extent that the support collected does not exceed the amount of assistance received.

. . . . .

If I am accepting food stamps, I understand that by signing this form, I am agreeing to report changes in my circumstances within ten (10) days unless my household is enrolled in the monthly reporting system.

(Emphasis in original.) In the prior form, the statement to be signed by the applicant certifying the truth of the information was in a separate section from the affidavit section. The current application form now combines, with some modifications, the affidavit section and the attestation section. DPW does not dispute that when the prior form was used, Forgash was permitted to sign only the attestation section and to refuse to sign the affidavit section.

At the hearing, Forgash stated that she refused to sign the affidavit section because she did not agree with the statements in the affidavit concerning DPW's right to inspect, review and copy her medical records, and assignment of her support rights which she may be entitled to depending on the outcome of her pending support hearing. Forgash contends that, as in the past, she should be allowed to refuse to sign the affidavit section when she disagrees with some of the contents in that section.

■ DPW, as a state agency administering the food stamp program, is required to administer the program in conformity with the provisions of the Act and the regulations promulgated thereunder. *Ishler v. Department of Public Welfare*, 102 Pa.Commonwealth Ct. 306, 518 A.2d 596 (1986). The application process includes filing and completing an application form, being interviewed, and having certain information verified. 7 C.F.R. § 273.2(a). The application form must be completed and signed before a determination of eligibility for benefits can be made. 7 C.F.R. § 273.2(d). Section 11(e)(2) of the Act, 7 U.S.C. § 2020(e)(2), provides in pertinent part that "[t]he State agency shall require that an adult representative of each household that is applying for food stamp benefits shall certify in writing, under penalty of perjury, that the information contained in the application is true...." The regulation specifically sets forth contents to be included in a food stamp application form which include, inter alia, "[a] statement to be signed by one adult household member which certifies, under penalty of perjury, the truth of the information contained in the application...." 7 C.F.R. § 273.2(b)(iii). Due to Forgash's refusal to sign the affidavit section containing a certification of the truth of the information, her application was not in compliance with the Act and the regulations and was therefore incomplete for a determination of her eligibility for renewal of food stamp benefits.

Forgash argues that pursuant to instructions in the application form, she was required to sign only Section A of the application which contained her name, address and telephone number and Section B relating to citizenship/alien status. Although a household may file, and the state agency must accept, an incomplete application containing only name, address and signature, filing of an application form is only the first step of the application process, and unclear and incomplete information in the application may be explored and resolved during an interview. 7 C.F.R. §§ 273.2(c), (e). The applicant must cooperate with the state agency in completing the application process, and if the household refuses to cooperate, the application shall be denied at the time of refusal. 7

C.F.R. § 273.2(d)(1). Moreover, the state agency may not continue benefits to the household beyond expiration of the certification period unless the household has been recertified. 7 C.F.R. § 273.14(a)(4).

In the matter sub judice, despite the CAO's repeated advice by letters and through telephone conversation that Forgash must sign the affidavit section, she refused to do so. Since lapse of the current certification period resulted from her refusal to cooperate and complete her application, denial of the application was mandated pursuant to the Act and regulations promulgated thereunder. Forgash contends that the existence of a line for "reason applicant did not sign" in Section L as in the prior form indicates that she still has an option to refuse to sign the affidavit. Assuming that Section L may have caused confusion regarding her obligation to sign the affidavit, Forgash's refusal to follow the CAO's advice and complete the application was not justified. Further, the fact that Forgash could refuse to sign the affidavit section of the prior form does not excuse her failure to cooperate with the CAO in complying with the clear mandate of the Act and its regulations which required that she sign a certification of the truth of the information provided.

Accordingly, the order of the Secretary of DPW affirming the denial of Forgash's application for recertification is affirmed.

## ORDER

AND NOW, this 13th day of July, 1993, the order of the Secretary of Department of Public Welfare dated May 21, 1992 is affirmed.