Cynthia A. VARNER, Petitioner,

v.

## DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1997.

Decided Dec. 22, 1997.

Eric W. Santos, Altoona, for petitioner.

Cynthia A. Fillman, Harrisburg, for respondent.

Before KELLEY and FLAHERTY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Cynthia A. Varner (Varner) petitions for review of an order of the Department of Public Welfare (Department) that affirmed the decision of a hearing officer which denied her appeal thereby discontinuing her entitlement to receive Aid to Families with Dependent Children (AFDC) benefits.

The facts are not in dispute and are summarized as follows. Varner and Cory Whitbeck (Whitbeck) are the parents of a son Ryan, born October 27, 1992. The parents never married and separated before Ryan's birth. Varner lives in Blair County, Pennsylvania and Whitbeck lives in North Carolina. Pursuant to a July 31, 1995 custody order from the Blair County Court of Common Pleas (trial court), Ryan was alternately in the physical custody of his mother for two months and in the physical custody of his father for one month on a recurring basis; thus, in a single year's time, Ryan spent eight months with Varner and four months with Whitbeck.[1] Varner applied for and had been receiving AFDC benefits since April 29, 1995.[2]

On February 13, 1996, the trial court entered a new custody order that superseded and modified the previous custody order of July 31, 1995.[3] As a result thereof, Ryan would be in the physical custody of Varner for eight and one-half months and in the physical custody of Whitbeck for three and one-half months during 1996; during 1997 and thereafter, Ryan would only be in the physical custody of Whitbeck for less than two months per year. On March 29, 1996, Varner forwarded a copy of the new custody order to the Blair County Assistance Office (CAO). See 55 Pa.Code § 153.44.

On April 1, 1996, the CAO sent Varner a notice informing her that because Ryan was temporarily residing with Whitbeck in North Carolina, she would not qualify to receive AFDC benefits and that CAO proposed to "discontinue" her benefits effective April 15, 1996.[4] On April 3, 1996, Varner filed an

---

1. The custody order provided that joint shared legal and physical custody of Ryan was placed and vested in both Varner and Whitbeck. The custody order also provided that, by mutual consent of the parties, there may be periods of minor partial custody with the minor child out of the care and custody of the primary physical custody designated for that time period. (R.R. 21a–23a).

2. AFDC benefits are intended to provide money for dependent children who are in need because support from the usual source, parents, is not available. The money is provided so that these children may live in family homes with their own parents, or with certain relatives who take the place of parents. "Thus, it is the purpose of the AFDC program to prevent a child from being forced to be away from his own family for economic reasons alone." 55 Pa.Code § 101.1(d)(1). Usually, it is a parent who applies for assistance. For parents who are living apart, this requires clarifying the role of the absent parent in support and care of the child. 55 Pa.Code § 101.1(d)(2). The parent who requests assistance for his/her self and the children is designated as the caretaker relative and the other parent is considered the absent parent. 55 Pa. Code § 153.45(a)(1). The caretaker relative shall

comply with AFDC requirements to establish AFDC eligibility. *Id.*

3. The February 13, 1996 custody order provided, in pertinent part, as follows:

1. CYNTHIA VARNER shall have primary physical and residential custody of the parties (sic) minor child, RYAN GEORGE VARNER, born October 27, 1992.
2. CORY WHITBECK shall have partial custody of the minor child in 1996 from March 30, 1996 to July 13, 1996. In the year 1997 from June 15, 1997 until August 10, 1997, said 1997 schedule to continue in subsequent years unless, modified by the parties.
. . .
5. The parties shall have joint shared legal custody of the minor child, RYAN GEORGE VARNER, born October 27, 1992.
(R.R. 29a).

4. Varner had been receiving AFDC benefits on a bi-monthly basis in the amount of $158.00. (R.R. 3a, 76a). The CAO also proposed to reduce Varner's food stamp allowance from $196.00 to $119.00 per month, effective May 1, 1996. (R.R. 3a).

appeal and requested a telephone hearing on the grounds that she continued to maintain primary care, custody and control of Ryan, both residentially and physically. (R.R. 4a). Varner asserted that Ryan did not reside in North Carolina but rather was there on a court-mandated visit. *Id.*

A hearing was conducted before a welfare hearing officer on June 4, 1996. Varner testified on her own behalf; Donald Beegle, an income maintenance casework supervisor for the CAO, testified on behalf of the Department. On July 26, 1996, the welfare hearing officer issued an adjudication and order that denied Varner's appeal. On that same day, the Department issued an order, without an opinion, that affirmed the decision of the welfare hearing officer.[5] It is from this order of the Department that Varner now petitions for review.

One of the eligibility requirements for AFDC benefits is that the child must be living with a specified relative capable of and responsible for the care and control of the child. *See* 55 Pa.Code § 151.41. Section 151.43(d) of the Department's regulations, however, provides, in pertinent part, as follows:

> The *temporary absence of* either *the child* or the relative from his home *will not affect the eligibility of the child* for AFDC under the following circumstances:
>
> (1) The absence does not basically affect the responsibility of the relative for the care and control of the child. . . .
>
> (2) The relative will exercise this responsibility when the reason for the tem-

porary separation no longer exists. . . . (Emphasis added).

55 Pa.Code § 151.43(d)(1) and (2). The Cash Assistance Handbook (CA Handbook)[6] provides an example of a temporary absence of a child as follows: "[t]he child is making a court-ordered visit with a parent in another county or state." (R.R. 15a).

In his decision, the welfare hearing officer determined that the aforesaid example of a child making a court-ordered visit is not present here because a "visit is a short stay by a brief residential guest or a short sojourn." (R.R. 9a). The welfare hearing officer also concluded that a temporary absence is an absence of a limited time and that a separation of over a quarter of a year is not a "temporary separation" as defined by the Department's regulations. *Id.*[7] The welfare hearing officer further concluded that, during the three and one-half month period that Ryan would be with his father in North Carolina pursuant to the custody order, Varner will not be responsible for his care and control.[8] The welfare hearing officer then concluded that Varner's appeal must be denied.

■ We begin by noting that the welfare hearing officer's order had the effect of not merely suspending payment of AFDC benefits to Varner while Ryan was in North Carolina, but rather discontinued her entitlement to such benefits in their entirety. Both Varner and the Department are of the erroneous opinion that she was only determined to be ineligible for AFDC benefits during the period from March 30, 1996 to July 13, 1996. We must therefore determine whether or not the

---

5. The actual order in question was issued by the Acting Director of the Bureau of Hearings and Appeals. (R.R. 5a).

6. The CAOs use the CA Handbook to aid in their interpretation of the Department's regulations.

7. Chapter 147 of the Department's regulations governs residency requirements; a "temporary absence from this Commonwealth" is defined therein as "an absence of less than 30 days." 55 Pa.Code § 147.22.

8. The CA Handbook provides the following example:
 Mr. and Mrs. Clark are separated and have joint legal custody of their two children. Mr.

Clark has physical custody from January through June. Mrs. Clark has physical custody from July through December. Mr. Clark is the specified relative and may apply for the children during January through June. Mrs. Clark is considered an absent parent during these six months since her absence is determined to interrupt her ability to provide physical care, maintenance, and guidance to the children. Mr. Clark must seek support from Mrs. Clark at that home. Mrs. Clark may receive AFDC for the children while they are in her physical custody during the months of July through December. She must seek support from Mr. Clark (the absent parent) at that time.
 (R.R. 13a).

Department was correct when it affirmed the decision of the CAO to "discontinue" Varner's AFDC benefits.[9]

■ Varner first argues that, because Section 151.43(d) of the Department's regulations does not impose a limit on how long a child can be absent from the home, the Department erred by focusing on the amount of time that Ryan was in North Carolina. *See* 55 Pa.Code § 151.43(d). Varner asserts the Board should have instead focused on the parent's degree of care and control over the child. The welfare hearing officer did determine that, during the three and one-half month period that Ryan would be with his father in North Carolina pursuant to the custody order, Varner was not responsible for his care and control. The welfare hearing officer in effect concluded that Varner is considered the absent parent during that time since her absence is determined to interrupt her ability to provide physical care, maintenance, and guidance to Ryan while he resides with his father. The Department, therefore, did not err by determining that Ryan's temporary absence from Varner's home did affect his eligibility for benefits under Section 151.43(d)(1) of the Department's regulations. 55 Pa.Code § 151.43(d)(1).

■ Varner next argues that the Department erred by failing to concluded that Ryan was eligible for AFDC benefits under Section 151.43.(d)(2) of the Department's regulations since she will exercise her responsibility for the care and control of Ryan when the reason for the temporary separation no longer exists. 55 Pa.Code § 151.43(d)(2).[10] The welfare hearing officer found that Varner would have care and control of Ryan when the separation, caused by the court-mandated visit with his father, no longer exists.

(R.R. 9a). In so finding, the welfare hearing officer appears to have concluded that Varner is only ineligible for AFDC benefits during the periods when Ryan is residing with his father. The CAO, however, did not suspend Varner's benefits during the time periods when Ryan was supposed to be in North Carolina, but rather discontinued her benefits in their entirety. By affirming the discontinuance of Varner's benefits, the Department committed error.

At most, Varner's AFDC benefits should have been suspended during the periods when Ryan was residing with his father in North Carolina. Section 151.43(d)(2) of the Department's regulations provides, in pertinent part, that "[d]uring the period of separation, the county staff must decide whether or not the child is still in need or whether his needs are being met: if he is in need, the grant will be computed as though the child were living in the home of the specified relative." 55 Pa.Code § 151.43(d)(2).[11] Pursuant to the February 13, 1996 custody order, Varner was responsible for the care and control of Ryan for eight and one-half months during 1996, i.e. an additional fifteen (15) days more than under the previous custody order. Since Varner had previously received AFDC benefits when Ryan was in the care and control of his father for four months during a given year, an argument could be made that Ryan is actually in greater need of benefits as a result of the February 13, 1996 custody order.

Accordingly, the order of the Department affirming the decision of the welfare hearing officer that affirmed the discontinuance of AFDC benefits to Varner will be vacated with directions to remand to the CAO to compute the period of Varner's eligibility and

---

9. Our standard of review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Forgash v. Department of Public Welfare,* 157 Pa.Cmwlth. 110, 629 A.2d 201 (1993).

10. The CA Handbook provides that the temporary absence of the child will not affect the child's eligibility if either subsections (d)(1) or (d)(2) of Section 151.43 applies. (R.R. 14a).

11. To determine the need of the child when the child is living with another specified relative, the county staff will discuss with the relative the reason the child needs financial aid, the help the relative is giving to the child and is willing to continue to give, or the responsibility he is willing to assume for meeting the needs of the child. See 55 Pa.Code § 151.44.

the amount of benefits which she is eligible to receive.[12]

### ORDER

AND NOW, this 22nd day of December, 1997, the order of the Department of Public Welfare, dated July 26, 1996, is vacated and the matter is remanded with directions consistent with this decision.

Jurisdiction relinquished.

---

12. We need not address the remaining issue raised by Varner that the Department erred in finding that she and Whitbeck had joint or shared physical custody of Ryan. *See* Appellant's Brief p. 15. We do, however, note that the welfare hearing officer merely found that the February 13, 1996 custody order provided that Varner and Whitbeck had "joint shared legal custody of the child." (R.R. 7a).