IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herbert F. Madara,              :
           Petitioner      :
                      :
      v.                  :
                      :
Department of Human Services,   :   No. 2695 C.D. 2015
           Respondent   :   Submitted: August 12, 2016

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE           FILED:  February 6, 2017

Petitioner Herbert Madara, proceeding *pro se*, petitions for review of an adjudication of the Department of Human Services (DHS) denying his petition for review of a decision of the Philadelphia County Assistance Office (CAO).  In that decision, the CAO reduced Petitioner's Supplemental Nutrition Assistance Program (SNAP) benefits[1] from $129.00 to $113.00 due to a change in Petitioner's income.  Upon review, we vacate and remand.

Petitioner, who resides in a one-person household, had been receiving SNAP benefits in the amount of $129.00 per month.  On August 26, 2015, the CAO issued a notice to Petitioner informing him that his SNAP benefits were being decreased from $129.00 to $113.00, beginning October 1, 2015, due to an increase in his social security income.  Petitioner appealed, and an administrative

---

[1] 7 U.S.C. §§ 2011-2036c.  (SNAP benefits were formerly known as "Food Stamps.")

fair hearing was held via telephone on October 19, 2015, with an Administrative Law Judge (ALJ) from the Bureau of Hearings and Appeals presiding. A CAO caseworker, Mr. Nartey, was also present, filling in for Petitioner's caseworker, Ms. Reese. C.R. at 42. The ALJ sustained Petitioner's appeal, and limited the reduction of his SNAP benefits to $115 rather than $113 as the CAO had suggested.[2] Petitioner timely filed a petition for review with this Court. On appeal,[3] Petitioner argues his benefits were incorrectly calculated, and his change in income should not change his SNAP benefit amount as he is an Extended SNAP household.[4]

## DISCUSSION

The awarding of SNAP benefits is based on a calculus of several considerations, primarily resting on a recipient's financial status.[5] *See* 7 C.F.R. § 273.9. Once income is verified and appropriate deductions applied, determination of the benefit amount (if any) is formulaic. 7 C.F.R. § 273.9(d).

---

[2] At the hearing, Petitioner revealed his monthly rent had increased, something which the CAO had not been made aware of. The ALJ recalculated Petitioner's SNAP benefits based on the information known to her at the time of the hearing.

[3] "Our scope of review of orders of [DHS] is limited to determining whether the adjudication is in accordance with the law, whether constitutional rights have been violated and whether the findings of fact are supported by substantial evidence." *Ishler v. Department of Public Welfare*, 518 A.2d 596, 597 n.3 (Pa. Cmwlth. 1986).

[4] For clarity, we have consolidated Petitioner's nine questions. We note that Petitioner also alleges his SNAP benefits were incorrectly calculated in the August 26, 2015 notice. This was admitted to at the fair hearing, and the ALJ accordingly ordered the recalculation of Petitioner's SNAP benefits.

[5] In this case, a threshold consideration works to Petitioner's favor, namely his age (over 60) and his disability status. 7 C.F.R. § 273.9(a).

In this case, the CAO concluded that the increase in Petitioner's Social Security income would require a SNAP decrease from $129 to $113. It was this reduction in benefits that Petitioner challenged at the fair hearing before the ALJ.

The objectives of appeals and fair hearings in cases where SNAP benefits are reduced are, among other things, "[t]o afford applicants and recipients an opportunity for an impartial, objective review of decisions, actions and delays, or inactions made by County Assistance Offices and the Department." 55 Pa. Code § 275.1(b)(1). The CAO is responsible for preparing relevant information which is to be presented at the hearing, including detailed computation of the grant, allowances and income, before and after implementation of the agency decision or action. 55 Pa. Code § 275.4(g)(2)(iv). Additionally, CAO staff members who are directly involved with making the decision or initiating the reduction action must be present at the hearing. 55 Pa. Code § 275.4(a)(3)(v)(E)(II)(-b-).

At Petitioner's hearing, Mr. Nartey did not appear to have the relevant information prepared. For example, at the beginning of the hearing, Mr. Nartey requested several details from Petitioner necessary for the proper calculation of his SNAP benefits. The ALJ noted, "And I understand, Mr. Nartey, that you're filling in for someone, and so you're trying to get some facts here." C.R. at 44. Given Mr. Nartey's unfamiliarity with Petitioner's case, the transcript indicates he was not the CAO staff member directly involved with the reduction action against Petitioner.

As a result, the record is unclear as to whether Petitioner's SNAP benefits were correctly calculated. Further, the record demonstrates that the

3

aforementioned appeal and fair hearings procedures were not adhered to, constituting an error of law. *Knox v. Secretary of Department of Public Welfare*, 573 A.2d 261, 263 (Pa. Cmwlth. 1990). Accordingly, we vacate the decision of DHS and remand for a rehearing in order to determine Petitioner's correct benefit amount.

Petitioner also argues he is an Extended SNAP household, and, therefore, fluctuations in his income cannot be considered when calculating his SNAP benefits. Petitioner's Brief at 10-11. Specifically, Petitioner argues he is a "'non-cash' TANF/MOE member[6]" and a "categorically eligible household" which qualifies him for TANF.[7] Petitioner's Brief at 9-10. Petitioner alleges DHS recognized he is 'categorically eligible' in its August 26, 2015 notice, and seems to equate this to qualifying as a TANF household. Petitioner's Brief at 10. For the sake of judicial economy, we will address Petitioner's argument.

A household is eligible for Extended SNAP when a household's TANF benefits close. 7 C.F.R. § 273.27. Federal law limits TANF eligibility to needy families with a dependent child and pregnant women. 42 U.S.C. § 608(a)(1). A categorically eligible household is one which does not have to meet

---

[6] TANF is the Temporary Assistance for Needy Families program set forth in the Social Security Act. 42 U.S.C. §301-1397mm. MOE is an acronym for Maintenance of Effort, which is a requirement placed upon some federally-funded grant programs that local agencies demonstrate the level of expenditures remain relatively constant from year to year. *See* 45 C.F.R. § 260.30.

[7] Petitioner also argues he is an "*extended* categorically eligible household" as he received the brochure "Help for Pennsylvanians in Need." It is likely Petitioner meant "*expanded* categorically eligible household" as expanded categorically eligible households receive this brochure. Whether Petitioner is an expanded categorically eligible household or not has no impact on our disposition.

4

the resource limit or the gross or net income limits for SNAP benefits. 7 C.F.R. §§ 273.8(a), 273.2(j)(2).

As Petitioner testified, he did not receive TANF benefits at the time of his appeal. Indeed, Petitioner resided in a single-person household and was not eligible for TANF. Petitioner was therefore not an Extended SNAP household, and it is of no moment whether Petitioner was a categorically eligible household.

For the foregoing reasons, the Order of DHS is vacated, and this matter remanded for rehearing consistent with this opinion on Petitioner's SNAP benefits.[8]

_____
JOSEPH M. COSGROVE, Judge

---

[8] The Dissent suggests that we are deciding this matter on issues not raised by Petitioner. What is clear, after a liberal read of his *pro se* pleadings, *see Smithley v. Unemployment Compensation Board of Review*, 8 A.3d 1027, 1029-30 n. 6 (Pa. Cmwlth. 2010), is that Petitioner has consistently challenged the recalculation of his SNAP benefits both in this Court and below. This issue is thus properly addressed and this matter properly remanded.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herbert F. Madara,            :
         Petitioner       :
                        :
         v.           :
                        :
Department of Human Services,  :   No. 2695 C.D. 2015
         Respondent    :

## O R D E R

AND NOW, this 6th day of February, 2017, in light of the foregoing opinion, the decision of the Department of Human Services is hereby vacated and this matter remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge

Herbert F. Madara,          :
                Petitioner     :
                            :
         v.                    :
                            :
Department of Human Services,     :    No. 2695 C.D. 2015
                Respondent    :    Submitted: August 12, 2016

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

DISSENTING OPINION BY
JUDGE COVEY                       FILED: February 6, 2017

I respectfully dissent from the Majority's conclusion that the matter needs to be remanded because "the record is unclear as to whether [Herbert F. Madara's (Madara)] SNAP benefits were correctly calculated[, and], **the record demonstrates that the aforementioned appeal and fair hearings procedures were not adhered to**, constituting an error of law." Majority Op. at 3-4 (emphasis added). Because Madara did not raise either of those issues in his Petition for Review or his brief's Statement of Questions Involved or Argument sections, and the Majority properly agrees with DHS with respect to the only issue Madara raised, I would affirm DHS' order.

Essentially, Madara's sole issue is that he is a categorically eligible household/Extended SNAP household; consequently his benefits were not correctly calculated. The Majority properly determines that he is not an Extended SNAP household; thus, it is of no moment whether he is categorically eligible. *See* Majority

Op. at 5.  Notwithstanding, the Majority vacates DHS' order and remands for another hearing to determine whether Madara's benefits were calculated correctly.

At the hearing, the Administrative Law Judge (ALJ) specifically asked Madara whether he would prefer the ALJ to run his numbers through the formula to determine if they are correct, or if he would rather have a case worker review his files to see if he is eligible for other benefits.  Madara chose to have the ALJ review his benefits for an accurate calculation.  Specifically, the ALJ explained:

> So [] Madara, it sounds like the County wants to at least, you know, attempt to get this rate, use the proper figures.  It looks like they might have used $246, rather than the $251, for your rent as an expense.  Is this something that ---?  So I know [the caseworker] mentioned that he would call you, but I would like to do one better than that, and enter into an agreement, where we have everything in writing.  And it states that the County will reassess you by a certain date and send you out a new proper notice with the accurate amount of Food Stamps you're receiving.
>
> And we can do that in just a minute, but I also want to be clear that the County again is bound by what they have in front of them.  So, you know, I heard you, when you were talking about what seemed right, and that it doesn't seem -- you know, someone with your age and a disability and everything that you're going through, should only have, you know, $113 a month in Food Stamps.  I may completely agree with you, but at the end of the day, both myself and the County [are] bound [by] what those charts say.  And they're pretty stringent.
>
> So that being said, would you like to enter into the agreement, so the County can reassess your case and, hopefully, come up with a proper figure?

Notes of Testimony, October 19, 2015 (N.T.) at 13-14.  Before answering, Madara requested another discussion regarding his prior notice and whether he was "category eligible [sic]" for SNAP benefits.  N.T. at 14-15.  The ALJ then explained "categorically eligible" to him.  N.T. at 15.  Thereafter, the ALJ stated:

All right. Why don't we do this? I'm going to take the facts of this case and I'm going to write a decision on this, rather than enter into an agreement. Unless, [] Madara, you tell me that you want the agreement with the County for them to reassess. Otherwise, I'm going to take a look at all this and write a decision. And again, I'm bound by the regulations, but I'll see what I can come up [with].

What would you like to do? Do you want the County to reassess you and see where you stand for Food Stamps or would you like me to go ahead and write a decision?

N.T. at 19. Madara responded: "Well, the County, all they can do when they reassess is reassess the difference between $246 a month, my rent, versus a $5 increase, at $251. That's negligible. I'd rather go with your decision, Your Honor, if you don't mind." N.T. at 19-20. After the case worker clarified that he would be looking for other benefits, the ALJ reiterated:

Well, I won't be looking for other benefits. I'm simply going to be taking the notice, what was stated in the notice, using the figures you just testified to and calculating your SNAP benefits. That's the extent of what I'm doing. I'm bound by what's in the notice. I can't go beyond it. So, again I would just ---. [sic]

N.T. at 21. Madara rejoined: "So, your Honor, you're just going to do the math, the standard deductions versus my net income, blah, blah, blah?" N.T. at 21-22. The ALJ retorted: "**And I'd be looking at what you raised with respect to the extended category versus just the categorically eligible**." N.T. at 22 (emphasis added). Madara answered: "I'll stay with you." *Id.*

Notwithstanding that the calculation was included in the ALJ's decision, *see* DHS Adjudication at 3, the Majority determined that "the record is unclear as to whether [Madara's] SNAP benefits were correctly calculated." Majority Op. at 3. The Majority further ruled that "the record demonstrates that the aforementioned

appeal and fair hearings procedures were not adhered to[.]" *Id*. at 3-4. Because those issues were not raised in Madara's Petition for Review, his Statement of Questions Involved or elsewhere in his brief, this Court has no authority to raise them *sua sponte*. Moreover, well-established case law prohibits us from addressing issues not raised. *See Kohl v. New Sewickley Twp. Zoning Hearing Bd*., 108 A.3d 961 (Pa. Cmwlth. 2015).

The Majority seeks to reconstruct the Dissent as a declaration that this Court should not address Madara's challenge to "the recalculation of his SNAP benefits." Majority Op. at 5 n.8. The Dissent makes no such statement. Madara has consistently, **specifically** challenged whether he is "categorically eligible." The Majority addressed that issue with which the Dissent has no dispute. **Where the Dissent parts ways is with the Majority *sua sponte* raising and deciding issues never presented to this Court and which this Court is without authority to address**.

For all of the above reasons, I would affirm DHS' order.

_____
ANNE E. COVEY, Judge