Zbigniew Ficek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 4, 1984, before Judges
ROGERS, COLINS and BARBIERI, sitting as a panel of
three.

*David L. Hill*, for petitioner.

*Joel G. Cavicchia*, Associate Counsel, with him,
*Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, October 1, 1984:

Zbigniew Ficek (Claimant) appeals from a deci-
sion of the Unemployment Compensation Board of Re-
view (Board), which found that Claimant had re-
ceived a $2,617.00 overpayment in Trade Readjust-
ment Allowance (TRA) benefits which are recoupable
in accordance with Section 91.58(b) of the TRA Regu-
lations[1] and Section 804(b) of the Unemployment
Compensation Law.[2] Claimant contends that in as-
sessing a no-fault recoupable overpayment of TRA
benefits against a claimant without first making a de-
termination of whether or not the assessment would
be "against equity and good conscience," the Board
violated Section 2315 of the Federal Trade Act of
1974.[3] We disagree and affirm.

[1] 29 C.F.R. §91.58(b) (1983).

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended*, 43 P.S. §874(b).

[3] 19 U.S.C. §§2101-2487 (1974).

Claimant was last employed by Fashion Maid Knitting Mill as a knitter in November of 1980. In August of 1979 Mr. Ficek filed an application for TRA benefits and a weekly benefit rate of $250.00 was established. Claimant continued to receive TRA benefits after he left Fashion Maid, from November 22, 1980, through May 16, 1981, and also for the claim weeks June 13th, June 27th, and October 3, 1981, for a total amount in overpayment of $2,617.00. The overpayment resulted from a recomputation of Claimant's TRA rate. TRA Regulations provide that overpayments in the absence of fraud shall be made on the same basis as similar determinations as to overpayments of unemployment insurance under the applicable state law. The applicable state law under these conditions is Section 804(b) of the Pennsylvania Unemployment Compensation Law.

The overpayments were made as a result of a computation error by the Office of Employment Security. Section 804(b) of the Law provides that any person who receives, through no fault of his own, benefits to which he is not entitled under the law, shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three year period immediately following such benefit year. Claimant contends that under §2315, which was amended by §2509 of the Omnibus Budget Reconciliation Act of 1981,[4] the Board, before determining that an overpayment made to a claimant is recoupable, must determine whether or not repayment would be contrary to equity and good conscience. We disagree.

If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must be regarded as conclu-

---

[4] Pub. L. No. 97-35, §2509, 95 Stat. 357, 887, (Amending 19 U.S.C. §2315 (1974)) (1981).

372

sive. *U.S. v. Turkette,* 452 U.S. 576 (1981). Section 2509 provides that the state agency "may waive repayment" if such repayment would be contrary to equity and good conscience. Waiver of such repayment is discretionary, not compulsory, and the Board need not make a declaration that repayment is equitable and conscionable.

Accordingly, we affirm.

ORDER

AND Now, October 1, 1984, the order of the Unemployment Compensation Board of Review, dated July 2, 1982, decision No. B-207482, is hereby affirmed.