**Carl L. GRUNWALD, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 11, 2003.

Decided Aug. 5, 2003.

Carl L. Grunwald, petitioner, pro se.

James K. Bradley, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

PELLEGRINI, Judge.

Carl L. Grunwald (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the Referee dismissing his appeal from the Unemployment Compensation Service Center's (U.C. Service Center) determination as untimely and denying his request for a waiver of tempo-

rary extended unemployment compensation benefits.

On September 24, 2002, the U.C. Service Center issued two determinations regarding unemployment benefits that Claimant was receiving:[1] one reduced Claimant's weekly benefit rate because of a social security deduction; the other found that Claimant had received $2,656 in temporary extended unemployment compensation benefits (TEUC) to which he was not entitled. As a result of the $2,656 overpayment, the overpayment was found to be a non-fraud overpayment and Claimant was required to repay it. The payment of TEUC benefits had been erroneously made as a result in the reduction of his unemployment compensation benefits due to a social security pension he received. Copies of these determinations were mailed to Claimant, and the last day to file a timely appeal was October 9, 2002. Claimant filed a request for waiver of repayment of the TEUC overpayment with the U.C. Center on October 3, 2002, which was denied by notice of determination dated October 4, 2002, because it would not cause him financial hardship to repay those benefits. Claimant had until October 21, 2002, to file an appeal from that determination only. Nonetheless, Claimant filed an appeal from all three determinations on October 21, 2002.

A hearing was held before a Referee at which Claimant testified regarding some confusion as to the number of determinations he received in terms of filing his appeals. He also testified regarding his frustration with the social security system and stated that he only applied for social security because his unemployment was running out and he was very surprised to find that his social security benefits had been deducted from his unemployment compensation. As to having to repay the TEUC overpayment, Claimant testified that he had added expenses because he had a wedding he had to pay for and his children were moving back home to live with him. However, he also testified that while he owned his home, he had no mortgage because the house was completely paid for and he had a 401K with a balance of $289,000.

■ The Referee issued a decision dismissing Claimant's appeals from the U.C. Service Center's determinations dated September 24, 2002, because they were not timely filed. While the Referee determined that Claimant timely filed an appeal from the U.C. Service Center's denial of his request for a waiver of TEUC benefits that were erroneously paid to him, the Referee concluded that "the claimant does not fall within the economic guidelines which would allow for a waiver of the overpayment." (Referee's Finding of Fact No. 8.) Claimant filed an appeal with the Board, which affirmed, and this appeal followed.[2]

Claimant contends that he should not be required to repay the TEUC benefits that he erroneously received because "[t]o ask for this money back at this time is totally unconscionable, especially in light of the failure of the Department of Labor and

1. There is no evidence in the record providing any information on Claimant's employment history or any explanation as to why he was receiving unemployment compensation benefits.

2. Our scope of review of the Board's order is limited to determining whether there has been a violation of constitutional rights, an error of law has been committed, or whether the factual findings are supported by substantial evidence. *United States Steel Corporation (USX Clairton Works) v. Unemployment Compensation Board of Review*, 817 A.2d 1251 (Pa.Cmwlth.2003).

Industry to make· this requirement known."[3]

■ Section 206(b) of the Temporary Extended Unemployment Compensation Act of 2000 provides that when an individual has received TEUC benefits to which he was not entitled, the state shall require the individual to repay the amount of those benefits. 26 U.S.C. § 3304. The state, however, may waive the repayment if it determines that 1) the payment of the TEUC benefits was without fault on the part of the individual and 2) the repayment would be contrary to equity and good conscience, i.e., cause the individual a financial hardship. *Id.* Here, the Referee affirmed the U.C. Service Center's denial of waiver of overpayment because Claimant essentially testified the repayment of those benefits would not cause him financial hardship. At the hearing, when the Referee asked Claimant if he had a house or an apartment, Claimant responded:

C. No, I have a house.

R. And a mortgage, or is it . . .

C. It's completely paid for and I'm not here as to say that I'm destitute, as a matter-of-fact, my retirement and 401k right now is—I'm sure, pretty good in comparison to other people. Right now my balance is $289,000, so it's not a small amount of money.

R. All right.

C. But I'm still looking at my own personal obligations and I have a wedding coming up in June, I've got kids coming back to live in my house, and I never expected to happen, but I'm not crying poor man be any stretch of the imagination. It's just that 2600 bucks is still a lot of money for me.

(Notes of testimony at 9.) Because it is a matter of administrative discretion for the Board to grant or deny requests for waivers, *No. 1 Cochran, Inc. v. Unemployment Compensation Board of Review,* 135 Pa. Cmwlth. 252, 579 A.2d 1386 (1990), *petition for allowance of appeal denied,* 527 Pa. 653, 593 A.2d 424 (1991), and Claimant did not testify that the repayment of the overpaid TEUC benefits would cause him a financial hardship, and, in fact, testified that he seemed to be doing fairly well financially compared to other people, the Board did not err in denying Claimant's appeal.

Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this *5th* day of *August,* 2003, the order of the Unemployment Compensation Board of Review is affirmed.

---

**3.** He also appears to make an argument regarding the timeliness of his appeals from the U.C. Service Center's September 24, 2002 determinations. However, because there is no question that he failed to timely file his appeal from those determinations, we will not address his argument.