IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle Dolby,            :
           Petitioner      :
           :
           v.         :
           :
Unemployment Compensation      :
Board of Review,           :    No. 2410 C.D. 2014
           Respondent    :    Submitted: July 10, 2015

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                     FILED: September 22, 2015

       Michelle Dolby (Claimant), pro se, petitions this Court for review of the Unemployment Compensation Board of Review's (UCBR) December 11, 2014 order affirming the Referee's decision denying Claimant's Request for Waiver of Repayment of Emergency Unemployment Compensation (EUC) Overpayment (Waiver Request). Essentially, there is one issue for this Court's review: whether the UCBR erred by denying Claimant's Waiver Request. After review, we affirm.

       Claimant filed an application for unemployment compensation (UC) benefits effective November 6, 2011. On May 21, 2012, the Pennsylvania Department of Labor and Industry (Department) created an EUC claim within that claim pursuant to Title IV of the Supplemental Appropriations Act of 2008[1] (EUC

---

[1] Act of June 30, 2008, P.L. 110-252, *as amended*, Sections 4001-4007, 26 U.S.C. § 3304 Note.

Act). Claimant was notified that she was required to participate in reemployment services and eligibility activities (REA) in order to receive EUC benefits. On June 7, 2012, Claimant failed to attend a scheduled, mandatory REA session. On June 29, 2012, Claimant failed to attend the rescheduled REA session. Claimant filed claims and received EUC payments for weeks ending June 30, 2012 through March 9, 2013.[2]

On July 18, 2013,[3] the Duquesne UC Service Center mailed Claimant Notices of Determination denying EUC eligibility for the week ending June 30, 2012 and thereafter, and assessing a non-fraud EUC overpayment against her in the amount of $14,837.00. Claimant did not appeal from the UC Service Center's determinations. On July 21, 2013,[4] Claimant submitted her Waiver Request alleging financial hardship. On September 16, 2014, the UC Service Center denied the Waiver Request, and Claimant appealed. On October 9, 2014, a Referee held a hearing. On October 15, 2014, the Referee issued her decision affirming the UC Service Center's determination and denying Claimant's Waiver Request. Claimant appealed to the UCBR which, on December 11, 2014, adopted and incorporated the Referee's findings and conclusions and affirmed the Referee's decision. Claimant appealed to this Court.[5]

---

[2] The Referee's October 15, 2014 decision incorrectly identified the compensable weeks as "ending May 19, 2014 through March 9, 2013." Original Record, Item No. 8. The UCBR's December 11, 2014 order acknowledges the error, and states that the relevant finding of fact "should read June 30, 2012, through March 9, 2013." Original Record, Item No. 10.

[3] The Referee's October 15, 2014 decision incorrectly states that the July 18, 2013 determinations were issued on July 18, 2014.

[4] The Referee's October 15, 2014 decision incorrectly states Claimant filed her Waiver Request on July 21, 2014.

[5] "[W]here [c]laimant, the burdened party, was the only one to present evidence and yet did not prevail before the factfinder, our scope of review is limited to determining whether the factfinder capriciously disregarded competent evidence and whether there has been a constitutional violation or an error of law." *Essick v. Unemployment Comp. Bd. of Review*, 655 A.2d 669, 670 n.5 (Pa. Cmwlth. 1995).

2

Initially, we note that Claimant argues that she should not be held responsible for the EUC overpayments because she received financial determination notices approving EUC benefits after she failed to appear at her scheduled REA sessions. However, Claimant did not appeal from the UC Service Center's July 18, 2013 determinations denying EUC eligibility and establishing a non-fraud overpayment. "Section 501(e) of the [UC] Law, 43 P.S. § 821[e],[6] provides, among other things, that a party must appeal a determination within 15 calendar days after such notice was delivered to that party personally or was mailed to his or her address." *Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009). "It is well-settled the statutory time limit for filing an appeal is mandatory in the absence of fraud or a breakdown in the administrative agency." *Id.* Further, "if an appeal is not timely filed within the specified time period, the determination becomes final[.]" *McClean v. Unemployment Comp. Bd. of Review*, 908 A.2d 956, 959 (Pa. Cmwlth. 2006) (quoting *Shea v. Unemployment Comp. Bd. of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006)). Here, Claimant did not appeal from the July 18, 2013 determinations, thus, they became final, and the issue of whether the non-fraud overpayment was properly assessed may not be addressed in this appeal. Accordingly, the only issue for this Court's consideration is whether Claimant's Waiver Request was properly denied.

This Court has explained:

Section 4005(b) [of the EUC Act] requires an individual who has received an overpayment of EUC benefits to repay the amount to the applicable state agency, except that the agency may waive repayment if it determines that

(1) the payment of such [EUC] was without fault on the part of any such individual; **and**

---

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

3

(2) such repayment would be contrary to equity and good conscience.

*Gnipp v. Unemployment Comp. Bd. of Review*, 82 A.3d 522, 524-25 (Pa. Cmwlth. 2013) (emphasis added) (quoting 26 U.S.C. § 3304 Note); *see also Grunwald v. Unemployment Comp. Bd. of Review*, 829 A.2d 786 (Pa. Cmwlth. 2003). It is well-established that "[w]aiver of . . . repayment is discretionary, not compulsory[.]" *Ficek v. Unemployment Comp. Bd. of Review*, 481 A.2d 1247, 1249 (Pa. Cmwlth. 1984); *see also Grunwald*, 829 A.2d at 788 ("it is a matter of administrative discretion for the [UCBR] to grant or deny requests for waivers[.]"). This Court has held that financial hardship is a basis for a waiver request. *Deklinski v. Unemployment Comp. Bd. of Review*, 37 A.3d 1262 (Pa. Cmwlth. 2012). Therefore, we must determine whether the UCBR properly ruled that Claimant did not establish that "repayment would be contrary to equity and good conscience[,]" because Claimant failed to prove a financial hardship. *Gnipp*, 82 A.3d at 525 (quoting the EUC Act).

At the October 9, 2014 hearing, Claimant established that she earns a gross monthly wage of $1,356.05. Applying a 15% tax exposure on that monthly gross income, the Referee calculated a net monthly income of $1,152.65. Claimant further demonstrated that the cost for her monthly obligations including rent, phone, insurance, gas, electric, credit card and fuel was $644.47. Claimant did not provide proof of monthly personal expenses such as groceries; however, the Referee imputed a cost of $300.00 per month for groceries and other personal items. Thus, Claimant's total monthly expenses were found to be $944.47. The Referee subtracted Claimant's monthly expenses from her net monthly income and concluded that $208.18 remains each month after Claimant pays all expenses. Based upon these facts, the Referee concluded that Claimant did not prove that she suffered from a financial hardship that

would justify granting her Waiver Request.[7]  The record evidence supports the Referee's conclusion that Claimant failed to establish that she is financially unable to make repayment.  Thus, the UCBR, in affirming the Referee's decision, did not capriciously disregard competent evidence or commit an error of law and properly exercised its discretion in denying Claimant's Waiver Request.

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

---

[7] Having found that Claimant failed to establish that repayment was "contrary to equity and good conscience," it was not necessary for the Referee or the UCBR to address whether Claimant was at fault for the overpayment since Claimant was required to satisfy both elements.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle Dolby,                                     :
                        Petitioner                  :
                                                    :
              v.                                    :
                                                    :
Unemployment Compensation                           :
Board of Review,                                    :        No. 2410 C.D. 2014
                        Respondent                  :

## O R D E R

AND NOW, this 22nd day of September, 2015, the Unemployment Compensation Board of Review's December 11, 2014 order is affirmed.

_____
ANNE E. COVEY, Judge