IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rose Perri,                               :
                                          : No. 1515 C.D. 2015
                        Petitioner        : Submitted: November 25, 2015
                                          :
                v.                        :
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                                          :
                        Respondent        :

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  February 4, 2016


        Rose Perri (Claimant) petitions for review, *pro se*, of the August 5, 2015,
order of the Unemployment Compensation Board of Review (UCBR) affirming the
decision of a referee to deny Claimant's request for waiver of repayment (waiver) of
unemployment compensation (UC) benefits under section 4005(b) of the Emergency
Unemployment Compensation Act of 2008 (EUC Act).[2]  We affirm.


        On April 11, 2013, the local service center issued two determinations
finding that Claimant had non-fraud UC overpayments totaling $21,774 for the period

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge
Leadbetter assumed the status of senior judge.

[2] Title IV of the Supplemental Appropriations Act of 2008, P.L. 110-252, 122 Stat. 2323,
section 4005(b), 26 U.S.C. §3304 Note.

from July 2012 to March 2013. (Findings of Fact, No. 1.)[3] On April 12, 2013, Claimant filed the waiver request, which the local service center denied. (*Id.*, Nos. 2-3.) Claimant appealed to the referee, who conducted a hearing. (*Id.*, No. 5.)

Claimant lives alone, owns her own home without a mortgage, and has no debt. (*Id.*, Nos. 6, 13.) Claimant has no monthly income and relies on savings and investments to pay her monthly expenses. (*Id.*, No. 7.) Claimant has checking and savings accounts totaling $47,000; certificates of deposit totaling $25,000; a severance package, a portion of which is liquid assets, totaling $154,000; and an individual retirement account with a balance of $100,000. (*Id.*, Nos. 8-11.) Claimant's non-discretionary household monthly expenses total $1,552. (*Id.*, No. 12.) This total includes food and groceries, taxes, utilities, transportation, insurances, and prescription drugs. (*Id.*)

The referee denied Claimant's request for a waiver. Although Claimant was not at fault for the UC overpayment, the referee concluded that based on the record, requiring Claimant to repay the overpayment would not create a financial hardship. Claimant appealed to the UCBR, which affirmed.[4] The UCBR concluded that Claimant left work for personal reasons, which included taking care of her father, who died in June 2014, and her own medical issues. Claimant is financially secure and her lack of income stems from her decision not to look for work. Rather,

[3] The local service center concluded that Claimant was unavailable for work due to chemotherapy treatment. (R. Item No. 2.) Claimant did not appeal the determinations.

[4] The UCBR adopted and incorporated the referee's findings of fact and conclusions of law in their entirety.

Claimant is fixing her father's house and deferring receipt of her pension for as long as possible. The UCBR concluded that Claimant's personal decisions failed to establish that repayment of the non-fault overpayment would be contrary to equity and good conscience. This appeal followed.[5]

On appeal, Claimant contends that she is not at fault for the overpayment and should not be required to repay it. This court agrees that Claimant is not at fault, but agrees with the UCBR that a waiver is not warranted because repayment would not be contrary to equity and good conscience.

Section 4005(b) of the EUC Act provides:

> (b) Repayment.-- In the case of individuals who have received amounts of [EUC] under this title to which they were not entitled, *the State shall require such individuals to repay the amounts of such [EUC] to the State agency*, except that the State agency may waive such repayment if it determines that-
>
> (1) the payment of such [EUC] was without fault on the part of any such individual; and
>
> (2) such repayment would be contrary to equity and good conscience.

(Emphasis added.)

---

[5] Where, as here, the burdened party is the only party to present evidence and does not prevail before the factfinder, this court's review is limited to determining whether the factfinder capriciously disregarded competent evidence, whether constitutional rights were violated, or whether an error of law was committed. *Essick v. Unemployment Compensation Board of Review*, 655 A.2d 669, 670 n.5 (Pa. Cmwlth. 1995).

It is well established that "[w]aiver of . . . repayment is discretionary, not compulsory[.]" *Ficek v. Unemployment Compensation Board of Review*, 481 A.2d 1247, 1249 (Pa. Cmwlth. 1984). Financial hardship is a basis for granting a waiver request. *Deklinski v. Unemployment Compensation Board of Review*, 37 A.3d 1262, 1264 (Pa. Cmwlth. 2012).

In *Grunwald v. Unemployment Compensation Board of Review*, 829 A.2d 786, 787 (Pa. Cmwlth. 2003), the claimant received social security benefits, owned his home without a mortgage, and had $289,000 in retirement savings. Although the claimant testified that he had upcoming expenses including a wedding and the return of his children to his home, this court agreed that the repayment of $2,656 would not cause the claimant a financial hardship. *Id.* at 787-88.

Here, Claimant owns her home without a mortgage, has no debt, and has assets totaling more than $325,000. Although $21,774 is a significant amount to return, the UCBR concluded that it will not cause Claimant a financial hardship. This court is sympathetic to Claimant's situation; however, the EUC Act mandates the return of the overpayment where, as here, Claimant was without fault and repayment is not contrary to equity and good conscience, i.e., would not cause Claimant a financial hardship.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rose Perri,                                    :
                                               : No. 1515 C.D. 2015
                          Petitioner           :
                                               :
                    v.                         :
                                               :
Unemployment Compensation                      :
Board of Review,                               :
                                               :
                          Respondent           :


O R D E R


       AND NOW, this 4th day of February, 2016, we hereby affirm the August

5, 2015, order of the Unemployment Compensation Board of Review.


                                    _____
                                    ROCHELLE S. FRIEDMAN, Senior Judge