IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Claudia Butorac, :
                 Petitioner : No. 650 C.D. 2021
                 :
        v. : Submitted: October 10, 2023
                 :
Unemployment Compensation :
Board of Review, :
                 Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: November 20, 2023


Claudia Butorac (Claimant), *pro se*, petitions for review of the May 7, 2021 adjudication of the Unemployment Compensation (UC) Board of Review (Board) affirming the decision of the Referee denying Claimant Federal Pandemic Unemployment Compensation (Pandemic Compensation) benefits; finding a non-fraud overpayment of Pandemic Compensation benefits totaling $3,600; and denying Claimant's request for a waiver of her obligation to repay the benefits she received. For the reasons that follow, we affirm.

## I.     FACTS AND PROCEDURAL BACKGROUND

Enacted on March 27, 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 U.S.C. § 9023(b)(1), provided financial assistance to individuals affected by the COVID-19 public health emergency declared by the United

States Secretary of Health and Human Services on January 27, 2020. Such individuals included those who were unable or unavailable to work due to the closure of their "place of employment . . . as a direct result of the COVID-19 public health emergency[.]"[1] Section 2104(b)(1) of the CARES Act provided for the execution of agreements between state unemployment compensation agencies and the United States (U.S.) Department of Labor to disburse additional compensation, originally in the amount of $600 per week, to individuals "***with respect to any week for which the individual is otherwise entitled under the State law to receive regular compensation***." 15 U.S.C. § 9023(b)(1), (b)(3)(A)(i) (emphasis added).

Pursuant to Section 2104(f)(2) and (3) of the CARES Act, any non-fraud "overpayments" must be repaid unless a "waiver" is requested and granted, or the determination of overpayment is reversed on appeal.[2] 15 U.S.C. § 9023(f)(2), (3). Pursuant to Section 2104(f)(2), a waiver may only be granted if the overpayment was determined to be "without fault" on the part of the individual and requiring repayment would be "contrary to equity and good conscience." 15 U.S.C. § 9023(f)(2).

On April 12, 2020, Claimant filed an application for UC benefits and Pandemic Compensation benefits under the CARES Act. From April 18, 2020, through May 23, 2020, she was disbursed a total of $3,600 in Pandemic Compensation benefits, in conjunction with her receipt of regular UC benefits. (Certified Record (C.R.) at 3.) On August 6, 2020, the Office of UC Benefits determined Claimant to be ineligible for regular UC benefits because she was working two jobs and, therefore, was not "unemployed." (C.R. at 88.) Claimant did not file a timely appeal from the notice of the August 6, 2020 decision. *Id.* at 3. On December 29, 2020, the UC Service Center

---

[1] Section 2102(a)(3)(A)(ii)(I)(jj) of the CARES Act, 15 U.S.C. § 9021(a)(3)(A)(ii)(I)(jj).

[2] Fraud overpayments cannot be waived. 15 U.S.C. § 9023(f)(1)(A).

mailed a Notice of Determination (Notice), establishing an "overpayment" of $3,600 of Claimant's Pandemic Compensation benefits to which she was not entitled due to "excessive earnings." *Id.* The Notice indicated that these were "non-fraud" overpayments because they resulted from a system error rather than Claimant's error. *Id.* at 5.

On January 10, 2021, Claimant appealed both the August 6, 2020 decision and the December 29, 2020 decision and requested a waiver of her obligation to repay the assessed non-fraud Pandemic Compensation overpayment.[3] (C.R. at 14-66.) On February 12, 2021, the Referee held a telephone hearing. (C.R. at 87.) Claimant participated in the hearing *pro se* and was the sole witness. The Referee bifurcated the hearing to determine (1) the timeliness of Claimant's appeal of the August 6, 2020 decision, and (2) whether Claimant was eligible for Pandemic Compensation benefits, the nature and amount of her overpayment, and whether Claimant was entitled to a waiver of the non-fraud overpayment. *Id.* at 88-89. During the hearing, Claimant admitted that she filed her appeal from the August 6, 2020 decision two months late. She explained that she did not understand that she had to appeal within any certain amount of time. *Id*. at 90. With regard to her request for a waiver of her obligation to repay the overpayment of Pandemic Compensation benefits, Claimant testified that she had two jobs, and was having a hard time making ends meet so she applied for the Pandemic Compensation benefits not knowing if she was eligible. *Id.* at 91. She assumed that she would not be given the benefits if she was not entitled to them.

On February 16, 2021, the Referee issued two decisions. The first decision dismissed as untimely Claimant's appeal from the August 6, 2020 decision. The second decision denied Claimant the Pandemic Compensation benefits for the

---

[3] The request included the requisite "Overpayment Waiver Questionnaire" (Form UC-1656) and a financial statement. (C.R. at 18-66.)

3

pertinent claim weeks, assessed a non-fraud overpayment in the amount of $3,600, and denied Claimant's request for a waiver of her obligation to repay the overpayments. (C.R. at 94-98.) The Referee found that Claimant received $3,600 in benefits for the weeks she was rendered ineligible for regular UC benefits. (C.R. at 94.) The Referee found that "[t]here is not competent evidence in the record that the overpayment was the result of fraud," and determined the repayment was "recoupable under the non-fraud section[] of law, [Section] 2104(f)(2) and (3)." (C.R. at 95.) The Referee concluded that, based on Claimant's financial statement, requiring Claimant to repay the overpayment amount would not violate the principle of "equity and good conscience," and, therefore, he denied Claimant's request for a waiver of her obligation to repay the Pandemic Compensation benefits she received.[4] (C.R. at 96.) Claimant appealed both Referee decisions to the Board. (C.R. at 100-03.)

On May 7, 2021, the Board issued two orders. The Board's first order from May 7, 2021, affirmed the Referee's dismissal of Claimant's appeal of the August 6, 2020 determination of the Office of UC Benefits (dismissing her appeal as untimely). The second order from May 7, 2021, affirmed the Referee's February 16, 2021, decision that denied Claimant's request for Pandemic Compensation, assessed the non-fraud overpayment in the amount of $3,600, and denied Claimant's request for a waiver of her repayment obligations. The Board reviewed Claimant's financial documentation and her testimony and adopted the Referee's findings and conclusions. The Board stated that Claimant "is employed part-time, earns approximately $2,321 per month, and has roughly $1,750 in monthly expenses, leaving her with approximately $570 in

---

[4] The Department of Labor and Industry (Department) does not offer formal payment agreements; however, claimants may make partial payments or pay the full balance. If a claimant opts to make partial payments, interest will accrue. *See* https://www.uc.pa.gov/faq/claimant/Pages/Online-Overpayments-FAQs.aspx (last visited October 19, 2023).

net income per month." (C.R. at 105.) Based on Claimant's financial situation, the Board concluded that the denial of Claimant's waiver request was appropriate because she had the available funds to pay back the overpayment. The Board noted that "[C]laimant may be able to request a subsequent overpayment waiver if her financial situation changes." *Id.*

Claimant appealed both Board decisions to this Court.[5]

## II. ISSUES

On appeal,[6] Claimant asserts the following five issues for review in her *pro se* brief:

> (1)  Was the Claimant at fault for applying for UC at the onset of covid 19 due to the immediate closing of her second employment as an essential worker employed as a daycare director?
>
> (2)  Was the Claimant at fault for applying for UC after reaching out for support from the Unemployment Office, as the claimant's second job being essential for the Claimant to pay bills, live and provide for the Claimant's dependent.

[5] Claimant filed two separate Petitions for Review in this Court. Presently before the Court is Claimant's Petition for Review of the Board's May 7, 2021 decision determining she was ineligible for Pandemic Compensation benefits; finding a non-fraud overpayment totaling $3,600; and denying Claimant's request for a waiver of her obligation to repay the benefits she received. Claimant filed a separate Petition for Review in this Court, docketed at 825 C.D. 2021, regarding the Board's May 7, 2021 decision affirming the Referee's decision to dismiss Claimant's appeal of the Office of UC Benefits' August 6, 2020 Determination as untimely. On August 18, 2023, this Court dismissed Claimant's Petition for Review at 825 C.D. 2021 based on Claimant's failure to file a brief in compliance with our June 16, 2023 order. *See* Order, 08/18/23.

[6] "[W]here [the c]laimant, the burdened party, was the only one to present evidence and yet did not prevail before the factfinder, our scope of review is limited to determining whether the factfinder capriciously disregarded competent evidence and whether there has been a constitutional violation or an error of law." *Essick v. Unemployment Compensation Board of Review*, 655 A.2d 669, 670 n. 5 (Pa. Cmwlth. 1995).

(3)    Was it the Claimant's fault that the Unemployment Office of Compensation approved the claimant to be eligible and preceded to issue payments?

(4)    Was the Claimant at fault for not knowing you could not receive payment from a second job without reaching support or resources?

(5)    Was the Claimant at fault for not knowing how to appeal the referees decision without support and in a timely manner which is what caused the Claimant to now be ineligible and to pay the money back?[7]

(Claimant's Amended Br. at 6.)

The entirety of Claimant's argument section of her *pro se* brief is as follows:

I the [Claimant] applied for unemployment during the Covid 19 pandemic in April 2020 by no fault knowing I would not be eligible. Receiving the payments and then being denied I became overwhelmed and could not find help. It was said I was denied because of an untimely appeal (see attached). I have experienced much stress and anxiety going on two years over the referee's decision of finding me responsible to pay

---

[7] In issue 5, Claimant suggests that her failure to timely appeal the August 6, 2020 Determination of the Office of UC benefits, finding her "not unemployed," was the reason she was ultimately found to be ineligible for regular UC benefits – which in turn resulted in an order requiring her to pay back the Pandemic Compensation she received. We disagree. She testified during the hearing in the instant case that at the time she applied for Pandemic Compensation, she was working her full-time job, but was laid off from her part-time job. (C.R. at 90-91.) This testimony supported a finding that she was ineligible for regular UC benefits (because she was not unemployed), and thus, she was ineligible for the Pandemic Compensation she received. Therefore, despite her failure to timely appeal the August 6, 2020 Determination, the Referee nevertheless heard and considered her testimony regarding her employment status at the time she applied for Pandemic Compensation. Moreover, she never denied before the Referee, Board, or this Court that she was employed when she applied for the Pandemic Compensation.

6

> the money back. I feel it was on the unemployment office who was responsible for issuing the payments to me.

(Claimant's Amended Br. at 9.) Construing Claimant's brief liberally, we understand Claimant to be challenging the merits of the Board's decision that she must repay $3,600 in Pandemic Compensation overpayments to which she was not entitled, and that she should have been entitled to a waiver of repayment.[8] [9]

## III. DISCUSSION

Section 2104(f) of the CARES Act provides for the repayment of overpaid Pandemic Compensation benefits and grounds for waiving such overpayment.

> (2) Repayment.--In the case of individuals who have received amounts of Federal Pandemic Unemployment Compensation to which they were not entitled, the State shall require such individuals to repay the amounts of such Federal Pandemic Unemployment Compensation to the State agency, except that the State agency may waive such repayment if it determines that –
>
> > (A) the payment of such Federal Pandemic Unemployment Compensation was without fault on the part of any such individual and

---

[8] Claimant raises in each of her statement of questions involved that she was not at "fault" for the adverse decisions. However, as acknowledged above, the Board found Claimant was not at fault as to the overpayment.

[9] The Board contends that Claimant waived all arguments on appeal due to her failure to develop them in her brief. *See* Board's Br. at 5-7. Although Claimant's brief lacks proper legal argument or citation to relevant legal authority, *see* Pa.R.A.P. 2119(a), we are generally inclined to construe *pro se* filings liberally. *Smithley v. Unemployment Compensation Board of Review*, 8 A.3d 1027, 1029 n.6 (Pa. Cmwlth. 2010). The defects in Claimant's brief do not preclude our meaningful appellate review regarding whether Claimant should have been entitled to the repayment waiver under the CARES Act. *Arnold v. Workers' Compensation Appeal Board (Lacour Painting, Inc.)*, 110 A.3d 1063, 1067 (Pa. Cmwlth. 2015).

> (B) such repayment would be contrary to equity and good conscience.

15 U.S.C. § 9023(f)(2).

> The law is well established:

> [T]he Board is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the factfinder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the Board's findings, they are conclusive on appeal.

*Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). As to Claimant's arguments raised in issues 1-4 above that she was not at fault, the Board already concluded that Claimant was not at fault for the disbursement of Pandemic Compensation, thus satisfying subsection (A) of the CARES Act. Therefore, the only issue for this Court's consideration is Claimant's apparent argument that the Board erred in finding that she was not entitled to a waiver of her obligation to repay the overpayment because she failed to prove the second prong in (B), *i.e.*, that such repayment would be "contrary to equity and good conscience." 15 U.S.C. § 9023(f)(2)(B).

Specifically, the CARES Act provides that to receive a waiver of an obligation to repay the overpayment, an individual must establish that such repayment would be contrary to equity and good conscience. *See Dolby v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2410 C.D. 2014, filed September 22, 2015), slip op. at 2 ("[the c]laimant failed to establish that she is financially unable to make repayment"). This Court has recognized financial hardship as a basis for granting a request to waive the obligation to repay an overpayment. *See Grunwald v.*

8

*Unemployment Compensation Board of Review*, 829 A.2d 786, 787 (Pa. Cmwlth. 2003) (applying "contrary to equity and good conscience" in a different unemployment insurance statute); *see also Deklinski v. Unemployment Compensation Board of Review*, 37 A.3d 1262, 1264 (Pa. Cmwlth. 2012). The Board may exercise its discretion whether to grant or deny a request for waiver of the obligation to repay an overpayment of UC benefits. *Grunwald*.

In *Grunwald*, the claimant was assessed a non-fraud overpayment after his weekly benefit rate was recalculated by the Department with an attributed reduction. *Id.* at 787. The Board assessed the claimant's request for waiver of repayment under the Temporary Extended Unemployment Compensation Act of 2002, Pub.L. No. 107-147, § 202(d)(2), 116 Stat. 21, 27 (2002), which, similar to the CARES Act, states that repayment may be waived if it is established that "1) the payment of the [Temporary Extended Unemployment Compensation] benefits was without fault on the part of the individual and 2) **the repayment would be contrary to equity and good conscience**, *i.e.*, cause the individual a financial hardship." *Id.* at 788 (emphasis added). There, the Board concluded that although the claimant was not at fault for the overpayment, the claimant's request for waiver of his obligation to repay the overpayment must be denied because the claimant failed to show that repayment would be contrary to equity and good conscience. *Id.* at 787-88. On appeal, this Court agreed with the Board that because the claimant did not show that he would suffer a financial hardship by having to repay the overpayment, the request for waiver must be denied. *Id.* at 788.

Similarly, in *Dolby*, the claimant was assessed a non-fraud overpayment of Emergency Unemployment Compensation (EUC) of 2008 Act, 26 U.S.C. § 3304, benefits in the amount of $14,837. The claimant submitted a request for a waiver of her obligation to repay the overpayment of EUC benefits. The EUC Act, similar to the CARES Act, provides that the agency may grant a request for a waiver and waive the

obligation to repay an overpayment of EUC benefits if it determines that (1) the overpayment of EUC benefits was without fault on the part of the individual, and "(2) **such repayment would be contrary to equity and good conscience**." *Dolby*, slip op. at 2 (emphasis added). The referee determined that with the claimant's monthly expenses, the claimant was left with $208.18 each month in net income. *Id.* Based on this calculation, the referee concluded that the claimant failed to establish that she was financially unable to make repayment and denied her request for a waiver of repayment. *Id.* The Board affirmed the referee's decision. On appeal, this Court agreed with the Board that the claimant failed to establish that she was financially unable to make repayment. *Id.*

Here, the Board applied the "equity and good conscience" standard as similarly applied in *Grunwald* and *Dolby*, and found that Claimant failed to prove she would suffer financial hardship if she was ordered to repay the assessed overpayment of Pandemic Compensation benefits she received. Although Claimant testified that she would face a hardship if her request for a waiver was denied, the Board **did not credit her testimony** and determined that was not the case after calculating her monthly net income. Claimant's testimony and financial statement revealed that she was employed part-time at the time of her waiver request, earning approximately $2,321 per month and incurring approximately $1,750 in monthly expenses. Thus, the Board determined Claimant had approximately $571 available in net income per month from which she could repay the $3,600. The Board exercised its discretion in determining Claimant failed to establish to the satisfaction of the Board that such repayment would be "contrary to equity and good conscience" because she failed to demonstrate that she would suffer a financial hardship. We can discern no abuse of discretion or error in the Board's decision.

## IV. CONCLUSION

Based on the foregoing, we are constrained to affirm the Board.[10]


_____
PATRICIA A. McCULLOUGH, Judge

---

[10] We must note that the issue of whether $571 is enough net income per month to establish Claimant's ability to repay the overpayment is not before us. It is well established that waiver of repayment is discretionary, not compulsory. *Ficek v. Unemployment Compensation Board of Review*, 481 A.2d 1247, 1249 (Pa. Cmwlth. 1984). Here, the Board, in its discretion, determined that $571 was enough to establish Claimant's financial solvency and deny her request for waiver. Claimant technically has not challenged that determination in this appeal, and there is no indication that the Board's decision is not supported by substantial evidence. Thus, although we are sympathetic to Claimant's financial situation, we are constrained to affirm the Board's decision.

Moreover, we are aware that during the pendency of this appeal, the federal government has issued to Pennsylvania a blanket waiver of Pandemic Compensation overpayments, which waiver effectively waives repayment of non-fraud overpayments of Pandemic Compensation benefits caused by system error. *See Giles v. Unemployment Compensation Board of Review* (Pa. Cmwlth., Nos. 214, 215 and 216 2022, filed October 17, 2023) (granting the Board's Application for Summary Relief to dismiss the appeals as moot due to the blanket waiver). Although the Board does not argue here that Claimant's appeal is moot due to her having received the blanket waiver, she presumably may seek a blanket waiver from a UC Service Center after the final disposition of this appeal.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Claudia Butorac, | : | |
| Petitioner | : | No. 650 C.D. 2021 |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

## ***ORDER***

AND NOW, this 20th day of November, 2023, the decision of the Unemployment Compensation Board of Review, entered May 7, 2021, is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge