IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| David W. Gainer, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : No. 1577 C.D. 2022 | |
| | : No. 1578 C.D. 2022 | |
| Unemployment Compensation | : No. 1579 C.D. 2022 | |
| Board of Review, | : No. 1580 C.D. 2022 | |
| Respondent | : Submitted: May 7, 2024 | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                                          FILED:  June 5, 2024


          David W. Gainer (Claimant)[1] petitions for review of the orders mailed November 28, 2022, by the Unemployment Compensation Board of Review (Board), which assessed non-fraud overpayments against him based on his improper receipt of Pandemic Unemployment Assistance (PUA) and Federal Pandemic Unemployment Compensation (FPUC) benefits.  The Board found no evidence Claimant engaged in intentional wrongdoing but assessed overpayments against him based on the requirements of federal law.  Although we affirm the Board's orders, we emphasize its suggestion to Claimant that he may be able to avoid repaying the

---

[1] Claimant represented himself during the proceedings below and continues to represent himself before this Court.

improper benefits he received by contacting the Department of Labor and Industry (Department) or requesting a waiver due to financial hardship.

## I. Background

The Department mailed notices of determination to Claimant on October 8, 2021, indicating he was ineligible for the PUA and FPUC benefits he received from May 2021 to September 2021. Certified Record (C.R.) at 10, 87, 168, 259. The Department explained PUA benefits are available if a claimant is ineligible for regular unemployment compensation (UC) benefits. *Id.* at 168, 259. The Department concluded Claimant was eligible for regular UC benefits and, therefore, ineligible for PUA benefits. *Id.* Moreover, Claimant only received FPUC benefits because of his PUA benefits. *See id.* at 87. Because Claimant was ineligible for PUA benefits, he was also ineligible for FPUC benefits. *Id.* The Department asserted Claimant knowingly provided false information when he applied for PUA benefits and assessed fraud overpayments against him. *Id.* at 10, 87.

Claimant appealed, and the matter proceeded to a telephone hearing before a referee on February 1, 2022. During the hearing, Claimant acknowledged he applied for PUA benefits rather than regular UC benefits. C.R. at 51. Claimant testified he lost his job at a body shop because business was slow during the COVID-19 pandemic. *Id.* Thus, Claimant assumed PUA was the benefits program applicable to him. *Id.* Claimant added that his girlfriend sought PUA benefits during the pandemic and received a phone call indicating she applied for the wrong program. *Id.* at 53. Claimant believed he would also receive a phone call if he applied incorrectly. *Id.*

The referee issued decisions dated February 1, 2022, concluding Claimant applied for the wrong benefits program. C.R. at 59-60, 127-28, 206-07, 298-99.

2

Claimant was eligible for regular UC benefits, the referee explained, which rendered him ineligible for PUA and FPUC benefits. *Id.* Nonetheless, the referee found there was "no competent evidence of record to establish that . . . [C]laimant knowingly falsified or withheld material facts" to receive benefits. *Id.* The referee affirmed the Department's notices of determination as modified, replacing the Department's fraud overpayments with non-fraud overpayments. *Id.* at 61, 129, 208, 300.

Claimant appealed to the Board. By orders mailed November 28, 2022, the Board affirmed the referee. C.R. at 77, 145, 224, 316. The Board adopted the referee's findings and conclusions, including his assessment of non-fraud overpayments. *Id.* at 77-80, 145-48, 224-27, 316-19. **The Board explained Claimant "may wish to contact the Department to see if he may apply his PUA/FPUC overpayments towards his UC eligibility. He may also seek a waiver of repayment, if repaying his overpayments would be a financial hardship."** *Id.* at 77, 145, 224, 316 (emphasis in original).

Claimant filed a petition for review in this Court. Essentially, Claimant argues he should not be liable for non-fraud overpayments because he did not engage in intentional wrongdoing and reasonably believed PUA was the benefits program applicable to him. Claimant's Br. at 9-12. Claimant argues he did not receive any counseling or guidance during the application process, and it was the Commonwealth's responsibility to correct his mistake.[2] *Id.*

---

[2] The Board suggests Claimant waived his arguments by failing to challenge the determination that he was ineligible for PUA benefits. Board's Br. at 5-7. Because we can discern the legal issue Claimant intends to raise, we will liberally construe his brief and reach the merits of the appeal. *See Smithley v. Unemployment Comp. Bd. of Rev.*, 8 A.3d 1027, 1029 n.6 (Pa. Cmwlth. 2010) (citing *Robinson v. Schellenberg*, 729 A.2d 122, 124 (Pa. Cmwlth. 1999)).

3

## II. Discussion

This Court reviews unemployment compensation orders for violations of the petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain a decision. *Id.* Determining the correct interpretation of a statute is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 813 (Pa. 2014) (citing *Dechert LLP v. Commonwealth*, 998 A.2d 575, 579 (Pa. 2010)). This means we do not defer to the Board when reaching a decision, and we review the entire record on appeal. *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012) (citing *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 n.2 (Pa. 2004)).

PUA benefits are available through Section 2102 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 U.S.C. § 9021. To be eligible for benefits, a claimant must be a "covered individual" who is "unemployed, partially unemployed, or unable to work for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation . . . or waiting period credit." 15 U.S.C. § 9021(b). The CARES Act defines a "covered individual," in relevant part, as someone who "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation." 15 U.S.C. § 9021(a)(3)(A)(i).

FPUC benefits are available through Section 2104 of the CARES Act, 15 U.S.C. § 9023. An individual may receive FPUC benefits "with respect to any week for which the individual is (disregarding this section) otherwise entitled under the State law to receive regular compensation." 15 U.S.C. § 9023(b)(1). The CARES

4

Act provides that FPUC benefits will be available "with respect to unemployment benefits described in subsection (i)(2) to the same extent and in the same manner as if those benefits were regular compensation." 15 U.S.C. § 9023(g)(1). Under 15 U.S.C. § 9023(i)(2)(C), "unemployment benefits" includes PUA benefits.

Claimant does not dispute the Board's determination that he was eligible for regular UC benefits and, therefore, ineligible for PUA benefits. 15 U.S.C. § 9021(a)(3)(A)(i), (b). Because Claimant was ineligible for PUA benefits, he was also ineligible for FPUC benefits. 15 U.S.C. § 9023(b)(1), (g)(1), (i)(2)(C). Although the referee and the Board found Claimant was not at fault for receiving unemployment benefits from the wrong program, he remains obligated for the improper benefits he received. The CARES Act specifically contemplates overpayments by claimants who were not at fault. *See* 15 U.S.C. §§ 9021(d)(4), 9023(f)(2).

**Fortunately for Claimant, the Board offered potential solutions in its orders, explaining he could contact the Department "to see if he may apply his PUA/FPUC overpayments towards his UC eligibility"[3] or request a waiver in the event of financial hardship.** C.R. at 77, 145, 224, 316 (emphasis in original). The CARES Act specifically permits waivers of PUA and FPUC overpayments if the overpayments were not the fault of the claimant and "would be contrary to equity and good conscience." 15 U.S.C. §§ 9021(d)(4), 9023(f)(2). Our case law

---

[3] We interpret the Board's first suggestion to mean Claimant could contact the Department and ask that his improper PUA and FPUC benefits be treated like regular UC benefits for purposes of recalculating whether he received an overpayment. *See* U.S. Dep't of Labor, Unemployment Ins. Program Letter No. 20-21, Change 1 (Feb. 7, 2022), https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2022/UIPL_20-21_Change_1.pdf (last visited June 4, 2024) ("States are permitted to move weeks of unemployment between programs and may offset at 100 percent when doing so, resulting in a remaining overpayment balance equal to the difference in weekly benefit amount . . . for each applicable week.").

recognizes financial hardship as a basis for finding an overpayment to be "contrary to equity and good conscience." *See Grunwald v. Unemployment Comp. Bd. of Rev.*, 829 A.2d 786, 788 (Pa. Cmwlth. 2003).

## III. Conclusion

The Board found no competent evidence that Claimant engaged in fraud by knowingly falsifying or withholding material facts to receive PUA and FPUC benefits. Nonetheless, Claimant remains obligated for the improper benefits he received. He may be able to avoid his non-fraud overpayments by contacting the Department or requesting a hardship waiver as the Board suggested. We affirm the Board's orders mailed November 28, 2022.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David W. Gainer,            : **CASES CONSOLIDATED**
           Petitioner    :
                                :
       v.                     : No. 1577 C.D. 2022
                                : No. 1578 C.D. 2022
Unemployment Compensation    : No. 1579 C.D. 2022
Board of Review,             : No. 1580 C.D. 2022
           Respondent   :

# **O R D E R**

**AND NOW**, this 5th day of June 2024, the orders of the Unemployment Compensation Board of Review, mailed November 28, 2022, are **AFFIRMED**.

_____
STACY WALLACE, Judge