**Lloyda L. SMITHLEY, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 27, 2010.

Decided Nov. 22, 2010.

---

Lloyda L. Smithley, petitioner, pro se.

Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Lloyda Smithley (Claimant) petitions this Court, *pro se*, to review an adjudication of the Unemployment Compensation Board of Review (Board) denying her claim for benefits under the Unemployment Compensation Law (Law).[1] The Board affirmed the determination of the Referee that Claimant voluntarily quit her job without cause of necessitous and compelling nature and, thus, is ineligible for

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

benefits under Section 402(b) of the Law.[2] Finding no error by the Board, we affirm.

Claimant worked for Saint Gobain Ceramics & Plastics (Employer) as a lab technician for over 43 years. In April 2009, Employer offered an early retirement package [3] to Claimant and four other senior employees in order to implement a workforce reduction. The Employer's plan was to offer the package to its five most senior employees and then move down the seniority list until five employees accepted the package.

■ Claimant accepted the retirement package and retired on May 1, 2009. She applied for unemployment compensation benefits, which were initially granted, but later terminated when the UC Service Center determined that Claimant had voluntarily quit her employment. The UC Service Center also assessed a fault overpayment in the amount of $2,615. Claimant appealed and a hearing was held before the Referee.

Claimant testified that she accepted the retirement package knowing that continuing work was available to her because she was a high seniority employee. Claimant acknowledged that she would not have retired if Employer had not offered the severance package. Claimant testified that if she had continued working, then five employees with the least seniority would have been laid off first if Employer had to resort to layoffs.

Following the hearing, the Referee affirmed the UC Service Center's determination that Claimant was ineligible for benefits under Section 402(b) of the Law, 43 P.S. § 802(b).[4] The Referee reasoned that because of her seniority Claimant would not have been laid off and, therefore, continuing employment was available to her. Because continuing work was available to Claimant, she was ineligible for unemployment compensation under Section 402(b) of the Law.

Claimant appealed to the Board, and it affirmed on the basis of the Referee's factual findings and conclusions of law. Claimant now petitions for this Court's review.

■ On appeal,[5] Claimant argues that the Board erred in finding her ineligible for unemployment compensation benefits because her acceptance of the early retirement package did not constitute a voluntary quit under Section 402(b) of the Law, 43 P.S. § 802(b). Claimant contends her separation from employment was a layoff because if she did not accept the package, another employee would have been furloughed. Claimant also contends that she is eligible for benefits because three of her coworkers who accepted the early retirement package received unemployment compensation benefits.[6]

---

2. Section 402(b) of the Law states that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b).

3. The retirement package included one week's pay for each year of service, money towards future hospitalization insurance premiums, and vacation pay.

4. The Referee converted the fault overpayment to a non-fault overpayment. The overpayment is not at issue in this appeal.

5. Our review is limited to determining whether constitutional rights were violated, whether an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Roberts v. Unemployment Compensation Board of Review*, 977 A.2d 12, 16 n. 2 (Pa.Cmwlth.2009).

6. The Board asks us to quash Claimant's brief for failure to comply with the Pennsylvania Rules of Appellate Procedure. While the Board is correct that Claimant's brief does not comply with the appellate rules, we decline to quash the brief and dismiss her ap-

■ **1030**

■ Under Section 402(b) of the Law, an individual is not eligible for unemployment compensation benefits if her unemployment is due to "voluntarily leaving work without cause of necessitous and compelling nature...." 43 P.S. § 802(b). "Necessitous and compelling cause" occurs under circumstances where there is a real and substantial pressure to terminate one's employment that would compel a reasonable person to do so. *See Renda v. Unemployment Compensation Board of Review,* 837 A.2d 685, 691–92 (Pa.Cmwlth.2003)(citing *McCarthy v. Unemployment Compensation Board of Review,* 829 A.2d 1266, 1270 (Pa.Cmwlth.2003)). If an employee voluntarily terminates her employment then she has the burden of proving that the termination was necessitous and compelling. *Renda,* 837 A.2d at 692 (citing *Mansberger v. Unemployment Compensation Board of Review,* 785 A.2d 126 (Pa. Cmwlth.2001)).

Our Court has previously considered whether a claimant who voluntarily resigns when faced with a workforce reduction is entitled to unemployment benefits. We stated that

> [i]n the context of corporate downsizing, the critical inquiry is whether the factfinder determined the circumstances surrounding a claimant's voluntary quit indicated a likelihood that fears about the employee's employment would materialize, that serious impending threats to her job would be realized, and that her belief her job is imminently threatened is well founded.

"[S]peculation pertaining to an employer's financial condition and future layoffs, however disconcerting, does not establish the requisite necessitous and compelling cause."
[W]here at the time of retirement suitable continuing work is available, the employer states that a layoff is possible ... and no other factors are found ... that remove an employee's beliefs from the realm of speculation, a claim for unemployment benefits fails despite the offer to leave.

*Renda,* 837 A.2d at 692 (footnote and citations omitted).

As the Board points out, in Claimant's case Employer did not tell Claimant that she would be laid off or terminated if she did not accept the early retirement package. Employer was willing to allow the first five interested employees to accept it. By Claimant's own admission, continuing employment would have been available to her because of her seniority had she not accepted the package.[7] Any concerns Claimant may have had about being laid off were purely speculative and unsupported by the record. Though Claimant maintains that she would never have voluntarily quit her job of 43 years, her belief that she is entitled to unemployment benefits is based upon a misunderstanding of the law. Under this Court's jurisprudence, she voluntarily quit when she resigned from her position to accept a completely voluntary early retirement package.

Additionally, Claimant argues that because three of her coworkers who accepted the early retirement package received un-

---

peal because she is proceeding *pro se* and we are able to discern the legal issues raised. Moreover, this Court is generally inclined to construe *pro se* filings liberally. *See Robinson v. Schellenberg,* 729 A.2d 122, 124 (Pa. Cmwlth.1999).

7. For a complete discussion of the voluntary layoff provision of Section 402(b) of the Law, including how this Court has interpreted that provision in relation to temporary and permanent layoffs, see our recent decision in *Beddis v. Unemployment Compensation Board of Review,* 6 A.3d 1053 (Pa.Cmwlth.2010).

employment compensation benefits, she, too, is entitled to receive them. This argument lacks merit. The Department's error in granting unemployment benefits in one case cannot dictate a like result in another case. The Board correctly applied the Law to the facts of the case *sub judice,* and there is no basis for reversing its decision.

For all of the foregoing reasons, the order of the Board is affirmed.

## ORDER

AND NOW, this 22nd day of November, 2010, the order of the Unemployment Compensation Board of Review, dated January 27, 2010, in the above-captioned matter is hereby AFFIRMED.