# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anita M. Lincoski, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1396 C.D. 2016 |
| | : | Submitted: January 27, 2017 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: March 21, 2017**

Anita M. Lincoski (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of a referee and denied her unemployment compensation (UC) benefits.  The Board found Claimant ineligible for UC benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law)[1] because she voluntarily quit her employment without cause of a necessitous and compelling nature.  Claimant asserts she proved a necessitous and compelling reason to quit because she was degraded, humiliated, and treated very poorly by her supervisor.  Agreeing Claimant did not prove a necessitous and compelling reason for voluntarily terminating her employment, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b).

## I. Background

Claimant worked as a phlebotomist at a state correctional institution for Correct Care Solutions (Employer). After her separation from employment in March 2016, Claimant applied for UC benefits. The local service center denied benefits under Section 402(b) of the Law. Claimant appealed, and a referee held a hearing.

At the hearing, the referee heard testimony from Claimant and Marcy Duddy, Employer's Regional Manager (Manager). Based on the evidence presented, the referee determined Claimant was ineligible under Section 402(b) of the Law and affirmed the service center's decision.

Claimant appealed to the Board. The Board made the following findings.

In December 2015, Employer suspended Claimant. Claimant returned from her suspension on February 17, 2016. Claimant anticipated difficulties with her supervisor when she returned to work from suspension. Upon Claimant's return from suspension, Claimant's supervisor informed Claimant of procedures she would follow going forward. Bd. Op., 7/19/16, Findings of Fact (F.F.) Nos. 2-4.

Employer required supervisor to ensure Claimant's work met Employer's standards of care. Claimant began making deliberate mistakes when entering lab requests to see what her supervisor would do when she discovered the errors. Claimant informed Manager of the personality conflict with her supervisor.

2

Claimant felt Manager was not taking effective steps to cure the situation between Claimant and her supervisor. However, Claimant did not express this dissatisfaction to Manager or seek further remedial measures. F.F. Nos. 5-8.

If Claimant was dissatisfied with Manager's handling of a personnel issue, she was aware, or should have been aware, she had to follow up with Manager's supervisor in the human resources department. Claimant did not follow up with Manager's supervisor in the human resources department. F.F. Nos. 9-10.

In March 2016, Manager, Claimant, and Claimant's supervisor attended a meeting to address the differences between Claimant and her supervisor. During that meeting, Claimant and her supervisor argued extensively. At this point, Claimant left the meeting. Manager asked Claimant if she was voluntarily leaving work. Claimant answered in the affirmative. Claimant voluntarily terminated her employment with Employer because of a personality conflict with her supervisor. F.F. Nos. 11-14.

Ultimately, the Board resolved the conflicts in testimony in favor of Employer, specifically finding Claimant voluntarily terminated her employment based on a personality conflict with her supervisor. The Board found Claimant failed to establish that the personality conflict made for intolerable working conditions. The Board further found Claimant failed to take all reasonable measures to maintain her employment prior to quitting. Specifically, the Board found Claimant was aware of Manager's supervisor in the human resources department, but failed to contact him in order to remedy the situation. The Board

3

concluded Claimant was ineligible for benefits under Section 402(b) of the Law. Claimant's appeal to this Court followed.

## II. Issues

On appeal,[2] Claimant contends the Board's findings regarding her separation are not supported by substantial evidence. Specifically, Claimant challenges the Board's findings, asserting circumstances existed that produced real and substantial pressure to terminate her employment with Employer. According to Claimant, she did not voluntarily quit her employment. Rather, supervisor's treatment of Claimant forced her to leave employment.

## III. Discussion

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility and weight accorded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Id. Where substantial evidence supports the Board's findings, they are conclusive on appeal. Id. In addition, we must examine the testimony in the light most favorable to the party in whose favor the fact-finder ruled, giving that party the benefit of all logical and reasonable inferences from the testimony. Id.

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth. 2014).

Substantial evidence is such relevant evidence upon which a reasonable mind could base a conclusion. Umdeman v. Unemployment Comp. Bd. of Review, 52 A.3d 558 (Pa. Cmwlth. 2012); Johnson v. Unemployment Comp. Bd. of Review, 502 A.2d 738 (Pa. Cmwlth. 1986). "The fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994).

Section 402(b) of the Law provides, "[a]n employe shall be ineligible for compensation for any week—[i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature …." In a voluntary quit case, it is the claimant's burden to prove her separation from employment is involuntary. Bell v. Unemployment Comp. Bd. of Review, 921 A.2d 23 (Pa. Cmwlth. 2007). Whether a claimant's separation from employment is voluntary or a discharge is a question of law for this Court. Id.

Here, the Board's findings regarding Claimant's voluntary separation from employment are supported by substantial, competent evidence. When Claimant returned from suspension, her supervisor informed Claimant of the procedures Claimant had to follow going forward in order to meet Employer's expectations. Referee's Hr'g., Notes of Testimony (N.T.), 5/11/16, at 6, 11-12. Dissatisfied with her supervisor's direction, Claimant began making deliberate mistakes when entering lab requests in an effort to test her supervisor's reaction.

N.T. at 7, 10. Claimant informed Manager of her ongoing personality conflict with her supervisor. N.T. at 7-9, 13, 16.

In March 2016, the regional manager, Claimant and her supervisor attended a meeting to discuss the personality conflict between Claimant and her supervisor. N.T. at 8, 16. Claimant and her supervisor argued during the meeting, and Claimant left the meeting. N.T. at 8-9, 17-18. Manager followed Claimant from the meeting, and asked Claimant if she was resigning. Claimant responded affirmatively, while using profanity. N.T. at 17-19. Although Claimant offered conflicting testimony, the Board resolved these conflicts in the evidence in Employer's favor. Tapco, Inc.

To the extent Claimant contends the Board erred in finding Employer's evidence credible over her evidence, such credibility determinations are within the sole province of the Board and cannot be disturbed on appeal. See Ductmate; Tapco, Inc.

Upon review, we conclude the Board's findings are supported by substantial, competent evidence. In turn, the Board's findings support the conclusion that Claimant voluntarily quit her employment. Contrary to Claimant's assertions, the actions of Manager and Claimant's supervisor did not carry the immediacy and finality of a discharge. See Bell. Rather, when Claimant walked out of her meeting after arguing with her supervisor, Manager asked Claimant if she was quitting. Claimant used profanity and responded affirmatively. N.T. at 8-

6

9, 17-19. Thus, we are satisfied the Board did not err in concluding Claimant voluntarily quit.

Claimant next contends she had necessitous and compelling cause forcing her to leave her employment because she was degraded, humiliated, and treated very poorly at her work by her supervisor.

"Necessitous and compelling cause" occurs under circumstances in which there is a real and substantial pressure to terminate one's employment that would compel a reasonable person to do so. See Smithly v. Unemployment Comp. Bd. of Review, 8 A.3d 1027 (Pa. Cmwlth. 2010). An employee voluntarily terminating employment has the burden of proving her termination was necessitous and compelling. Mansberger v. Unemployment Comp. Bd. of Review, 785 A.2d 126 (Pa. Cmwlth. 2003).

In order to show necessitous and compelling cause, a claimant must show: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve her employment. Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review, 906 A.2d 657 (Pa. Cmwlth. 2006).

The question of whether a claimant has a necessitous and compelling reason to terminate employment is a question of law reviewable by this Court.

Ann Kearney Astolfi DMD PC v. Unemployment Comp. Bd. of Review, 995 A.2d 1286 (Pa. Cmwlth. 2010). "[M]ere dissatisfaction with the employer's policies or procedures alone is not cause of a necessitous and compelling nature to voluntarily terminate employment." Tom Tobin Wholesale v. Unemployment Comp. Bd. of Review, 600 A.2d 680, 683 (Pa. Cmwlth. 1991).

A claimant's mere personality conflict with her supervisor, absent conduct by the supervisor creating an intolerable work environment, does not constitute a necessitous and compelling reason to voluntarily terminate one's employment. Uniontown Newspapers, Inc. v. Unemployment Comp. Bd. of Review, 558 A.2d 627 (Pa. Cmwlth. 1989) (supervisor throwing things at secretary and screaming at her in front of others; more than a dozen complaints about supervisor's conduct went unaddressed).

Here, Claimant's assertions that she took every step possible to preserve her employment before voluntarily quitting because of a hostile work environment are not supported by the record. Thus, after Claimant and her supervisor discussed Claimant's work environment, Claimant believed her supervisor did not make any effort to address Claimant's concerns. N.T. at 14. However, by Claimant's own admission, when asked if she was subject to threats of discipline, Claimant responded, "no." N.T. at 13.

Further, Claimant did not express her dissatisfaction regarding the work environment to Manager and did not seek further remedial measures. N.T. at 14-15, 19. Manager testified further remedial measures were available. N.T. at 18.

8

Claimant could have spoken to Manager's supervisor, the regional vice president in Pennsylvania, if Claimant was not satisfied with Manager's actions regarding the personality conflict between Claimant and her supervisor. N.T. at 18. Claimant did not avail herself of this remedy. N.T. at 14.

Employer's intention in meeting with Claimant was to resolve ongoing conflicts between Claimant and her supervisor and to "work together in hopes of trying to heal their relationship." Id. at 17. "The choice was [Claimant's] to, you know, leave the facility at that time and end her employment." Id. at 18.

By her own testimony, Claimant walked out of the meeting to discuss her work environment, was not subject to threats of discipline because of her performance, and did not avail herself of further remedial measures by contacting Manager's supervisor. Id. at 13, 14, 18-19. Claimant did not make a reasonable effort to preserve her employment. Consequently, she did not show a necessitous and compelling reason to quit.

## IV. Conclusion

In sum, the Board's findings are supported by substantial evidence. The Board properly determined Claimant was ineligible for benefits having voluntarily quit her employment without a necessitous and compelling reason. Accordingly, we affirm.

ROBERT SIMPSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anita M. Lincoski,                           :
                    Petitioner               :
                                             :
          v.                                 :     No. 1396 C.D. 2016
                                             :
Unemployment Compensation                    :
Board of Review,                             :
                    Respondent               :

# **O R D E R**

**AND NOW**, this 21st day of March, 2017, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge