IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Costigan,                                  :
                 Petitioner           :
                                       :
        v.                                     :
                                       :
Unemployment Compensation              :
Board of Review,                               :   No. 1287 C.D. 2023
                Respondent         :   Submitted:  December 9, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  January 23, 2025

         Mark Costigan (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) September 8, 2023 order reversing the Referee's decision and denying him UC benefits under Section 402.1(2) of the UC Law (Law).[1]  The sole issue for this Court's review is whether Claimant is eligible for UC benefits under Section 402.1(2) of the Law.  After review, this Court affirms.

         Claimant worked from January 22, 1999 through March 13, 2020, as a school bus driver for Haverford Township School District (Employer).  Claimant worked a minimum of 16.25 hours a week during the academic year and often picked

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. § 802.1(2) (relating to benefits based on service for educational institutions).

up additional work. Employer hired Claimant as a 10-month, academic year employee. Throughout Claimant's more than 20 years of employment, until the summer of 2020, Employer offered additional summer work for its school bus drivers. This summer work was completely voluntary and was not required. Except for his first year of employment, Claimant volunteered for this *extra work* every year in May by putting his name on a list of bus drivers who wanted the additional summer bus driving work, if available.

On May 15, 2012, Employer issued a Notice of Reasonable Assurance of Continued Employment (Notice) which, in addition to offering reasonable assurance of re-employment for the next academic year and after all holiday breaks within the current academic year, included the following statement: "If you do not receive notice that your position/employment will be terminated or modified, then you may be reasonably assured that [Employer] intends to retain your services in the same capacity for the following school years and after all holiday breaks contained therein." Certified Record (C.R.) at 85. Claimant signed the Notice on May 15, 2012. *See id*. Employer issued the Notice in lieu of issuing such notices every year and has not issued any reasonable assurance notices since then. Claimant returned to his driving position after every summer and after every holiday break.

The 2019/2020 school year ended on or about June 11, 2020. Claimant did not receive notice that his academic year driving position/employment was going to be terminated or modified. Employer did not offer any additional bus driving work for the summer of 2020 due to the COVID-19 pandemic. The 2020/2021 academic year was scheduled to start on August 31, 2020, and Claimant returned to work on that date.

Claimant filed his application seeking UC benefits effective June 21, 2020. On October 31, 2020, the Harrisburg UC Service Center determined that Claimant was ineligible for UC benefits under Section 402.1(2) of the Law and

2

Section 65.161 of the Department of Labor and Industry's Regulations.[2]  Claimant appealed from the UC Service Center's determination and a Referee held a hearing on April 5, 2021.  On April 15, 2021, the Referee reversed the UC Service Center's determination and found Claimant eligible for UC benefits.  Employer appealed to the Board, which affirmed the Referee's decision.

Employer appealed to this Court.  *See Sch. Dist. of Haverford Twp. v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth. No. 1299 C.D. 2021).  On February 21, 2022, Employer filed an Application to Stay all Deadlines Pending Resolution of *Rose Tree Media School District v. Unemployment Compensation Board of Review*, 280 A.3d 1125 (Pa. Cmwlth. 2022), which this Court granted on February 25, 2022.[3]  On July 25, 2023, Employer filed an Application for Remission of the Appeal to the UCBR, therein requesting this Court to relinquish jurisdiction to permit the UCBR to reconsider the facts and legal conclusions in light of *Rose Tree Media* (Application).  By July 28, 2023 Order, this Court lifted the stay, granted the Application, and relinquished jurisdiction.  On September 8, 2023, the UCBR reversed the Referee's decision, thereby denying Claimant UC benefits under Section 402.1(2) of the Law.  Claimant appealed to this Court.[4]  On November 22, 2023, Employer filed a Notice of Intervention.

Initially, Section 402.1(2) of the Law provides, in relevant part:

> With respect to services performed after October 31, 1983, in any other capacity [than an instructional, research, or

---

[2] 34 Pa. Code § 65.161 (relating to reasonable assurance).

[3] This Court decided *Rose Tree Media* on August 8, 2022; however, the stay remained in effect thereafter because the parties conducted negotiations pursuant to the disposition thereof.

[4] This Court's "'review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

principal administrative capacity] for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

43 P.S. § 802.1(2).

Claimant argues that because he worked every summer for 22 years,[5] he is entitled to UC benefits for the summer he could not work due to the COVID-19 pandemic.[6] This Court addressed the same argument in *Rose Tree Media*, wherein this Court explained:

> The fact that []he *voluntarily* signed up for summer work does not change the fact that []**he performed "services** [ ] after October 31, 1983, in any other capacity [than an instructional, research, or principal administrative capacity] **for an educational institution**," and **therefore UC**
>
> > **benefits shall not be paid** on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms **if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will**

---

[5] Claimant worked every summer between the 2000-2001 school year and the 2019-2020 school year, for a total of 19 years.

[6] The UCBR and Employer argue that Claimant waived this argument for failure to develop it and/or for failure to appropriately raise it in his Statement of Questions Involved. However, "this Court is generally inclined to construe pro se filings liberally." *Smithley v. Unemployment Comp. Bd. of Rev.*, 8 A.3d 1027, 1029 n.6 (Pa. Cmwlth. 2010) (italics omitted). Moreover, this Court has deemed meaningful review of the merits possible when it can discern a pro se petitioner's argument, or where the interests of justice require it. *See Woods v. Off. of Open Recs.*, 998 A.2d 665 (Pa. Cmwlth. 2010). Here, there is no doubt as to Claimant's argument given that this Court stayed the matter for this Court's disposition in *Rose Tree Media*. Accordingly, this Court will address the merits of Claimant's appeal.

> **perform such services in the second of such academic years or terms**.

> 43 P.S. § 802.1(2) (emphasis added). The plain language of the statute mandates that [the] [c]laimant is not entitled to UC benefits.

*Rose Tree Media*, 280 A.3d at 1130.

> Based thereon, the UCBR herein, opined:

> [C]laimant worked in the 2019/2020 academic year as a part-time school bus driver. [] [E]mployer had previously issued a letter which [] [C]laimant received, effectively offering ongoing reasonable assurance unless [] [C]laimant was specifically told that his employment was being terminated or modified. [] [C]laimant had not been so informed, and he has always returned to work after summer breaks for the following academic year throughout his lengthy employment. Under these circumstances, the [UCBR] concludes that [] [E]mployer has shown that [] [C]laimant had reasonable assurance of reemployment for the upcoming 2020/2021 academic year.

> The central issue in this case, however, is whether [] [C]laimant, by virtue of his voluntary extra summer driving assignments over the years, was a year-round employee. If so, the reasonable assurance disqualification under Section 402.1(2) of the Law would not apply. In *Rose Tree Media* . . . , under almost identical circumstances, th[is] Court held that a school bus driver who voluntarily signed up for summer driving assignments in addition to his driving position during the academic year, but who was not required to do [so], was not a year-round employee just because he previously received such additional work and, therefore, was not exempted from the reasonable assurance provisions. Such is the case here. Therefore, the [UCBR] concludes that [] [C]laimant is ineligible for [UC] benefits under Section 402.1(2) of the Law to the extent that his UC benefits are based upon his wages working for [Employer].

C.R. at 147-148. This Court discerns no error in the UCBR's reasoning. Accordingly, Claimant is ineligible for UC benefits under Section 402.1(2) of the Law.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Costigan,                 :
         Petitioner       :
                        :
         v.             :
                        :
Unemployment Compensation    :
Board of Review,             :    No. 1287 C.D. 2023
         Respondent    :

## O R D E R

AND NOW, this 23rd day of January, 2025, the Unemployment Compensation Board of Review's September 8, 2023 order is affirmed.

_____

ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Costigan, :
        Petitioner :
  :
  : No. 1287 C.D. 2023
        v. :
  : Submitted: December 9, 2024
Unemployment Compensation :
Board of Review, :
        Respondent :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge

## *OPINION NOT REPORTED*

**CONCURRING OPINION BY**
**JUDGE DUMAS**                            **FILED:  January 23, 2025**

I continue to believe that this Court erred in *Rose Tree Media School District v. Unemployment Compensation Board of Review*, 280 A.3d 1125 (Pa. Cmwlth. 2022) (*en banc*) (*Rose Tree*). In my view, a claimant should be permitted to establish an exception to the doctrine of reasonable assurance with substantial evidence of year-round employment. *See Rose Tree*, 280 A.3d at 1132 (Dumas, J., dissenting) (citing *Scotland Sch. for Veterans' Children v. Unemployment Comp. Bd. of Rev.*, 578 A.2d 78, 79 (Pa. Cmwlth. 1990)).

Here, the evidence is compelling. For 20 years, Mark Costigan (Claimant) worked for Haverford Township School District (Employer) as a school bus driver. Throughout those 20 years of employment, Claimant worked year-round,

both during the 10-month academic year and during the summer months. Employer does not dispute this. On these clear facts, Claimant should be entitled to benefits.

Moreover, it is patently unfair to cast aside this summer work as "completely voluntary." Claimant did not volunteer his time to Employer but rather worked for wages. It was no more voluntary than any other at-will employment.

Nevertheless, however misguided, *Rose Tree* is now binding precedent. Therefore, I must concur.

_____
**LORI A. DUMAS, Judge**