IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Grabosky,            :
          Petitioner       :
                       :
        v.             :    No. 1199 C.D. 2023
                       :
Unemployment Compensation   :    Submitted: April 13, 2026
Board of Review,            :
          Respondent    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE STELLA M. TSAI, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH             FILED: May 18, 2026

Barbara Grabosky (Claimant), *pro se*, petitions for review of the September 7, 2023 decision and order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of the Board's referee (Referee) denying Claimant Unemployment Compensation (UC) benefits under Section 402(e) of the UC Law (Law).[1]  Upon careful review, we affirm.

## I.  Facts and Procedural History

Claimant worked as a part-time Certified Peer Specialist (CPS) with Access Services, Inc. (Employer) from October 4, 2018, until May 24, 2021.  (Certified Record (C.R.) at 215.)  Her job consisted of making and receiving telephone calls. *Id.*

---

[1] Section 402(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).  Section 402(e) provides that "an employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ."  43 P.S. § 802(e).

On July 17, 2020, Employer issued Claimant a written disciplinary corrective action for improperly reporting her time. *Id.* In February of 2021, Employer placed Claimant on a performance improvement plan related to, among other issues, time reporting, failure to follow her supervisor's directives and not working her assigned schedule. *Id.*

On May 17, 2021, Claimant was working remotely from her home. Employer's policy required Claimant to clock out if taking a break for more than 20 minutes. On that day, Employer was unable to reach Claimant for 40 minutes. Claimant did not clock out during that time, and was terminated for violating Employer's policy. *Id.* at 248.

Claimant filed for unemployment benefits on April 5, 2022. *Id.* at 3. On May 12, 2022, the Department of Labor and Industry's UC Service Center (Service Center) issued a Disqualifying Separation Determination (Determination) which determined that Claimant was discharged for a rule violation. *Id.* at 55. The Determination stated that Employer terminated her for "failure to follow supervisor's directive, including time discrepancies." It further stated that "[t]he rule was reasonable, and you were aware, or should have been aware, of the rule. You did not show good cause for violating the rule." *Id.* On May 17, 2022, Claimant appealed the Service Center's Determination to a Referee. *Id.* at 66.

The Referee held a telephonic hearing on August 22, 2022. Claimant and two Employer witnesses testified. *Id.* at 188. Susan Cressman, Employer's Human Resources Manager, testified that Claimant was discharged for failing to follow Employer's "break" policy and its policy to "adhere to work schedules." *Id.* at 196. Ms. Cressman confirmed that these policies are set forth in the employee handbook and that Claimant received the employee handbook and acknowledged her receipt of it by providing her signature to that effect. *Id.* at 199. Ms. Cressman further confirmed that Claimant had been through each of the steps set forth in Employer's progressive discipline policy. *Id.*

2

Claimant's direct supervisor, Kerri Hoogenhuis, the Assistant Director for the Peer Support and Teen Talk Lines, testified that Employer required employees to clock out if they took a break longer than 20 minutes. *Id.* at 201-03. She explained that there were times "where we were looking for a response from [Claimant], the times that [she was] working at home and there wouldn't be a response right away so we wouldn't know whether or not she was working at that time." *Id.* at 202. Ms. Hoogenhuis testified that Claimant violated Employer's break policy on May 17, 2021, the day she was terminated. *Id.* at 203-06. She explained that Claimant was asked to make a call. However, Claimant did not respond for 40 minutes and was not clocked out during that time. *Id.* at 203. When Claimant did respond, she told Ms. Hoogenhuis, that she was on a break. *Id.* at 206.

Claimant testified that she was not aware of a policy requiring employees to clock out if they take a break longer than 20 minutes. *Id.* at 207. She also disputed Employer's claim that she was on a break for 40 minutes on the day in question, but did not clock out. *Id.* at 209. Claimant stated that she was working and "was on the group text the whole time." *Id.*

On November 30, 2022, the Referee issued a decision affirming the Service Center's denial of benefits under Section 402(e) of the Law. *Id.* at 214-18.

The Referee made the following findings of fact:

1. [Claimant] was last employed as a part-time Certified Peer Specialist by [Employer] from October 4, 2018 until May 24, 2021, working 20-24 hours per week at a final rate of pay of $14.94 per hour.

2. [Claimant's] job duties included making outbound calls and receiving incoming calls.

3. [Employer] has a policy which requires employees to adhere to work schedules.

3

4. [Employer] also has a policy which requires employees to conduct themselves in a professional manner.

5. The employees are required to clock out if a break extends longer than twenty minutes.

6. Violation of the policies is grounds for disciplinary action.

7. [Employer] follows a progressive disciplinary plan.

8. [Claimant] was aware of the policies.

9. On July 17, 2020, [Claimant] received a written corrective action for improperly reporting time.

10. In February 2021, [Claimant] received a Performance Improvement for various issues including time reporting, failure to follow her supervisor's directive and working the assigned schedule.

11. On May 17, 2021, [Claimant] was working remotely.

12. Work was generally slow on May 17, 2021.

13. [Claimant], her supervisor and other members of the team were connected by [an] instant messenger system.

14. Through the messenger system, [Claimant's] supervisor directed [Claimant] to make a particular phone call.

15. [Claimant] did not respond for forty minutes.

16. When [Claimant] responded, she indicated that she had needed a break.

17. [Employer] discharged [Claimant] for taking an excessive break and not clocking out.

*Id.* at 215.

The Referee explained his decision as follows:

4

In the present case, the credible testimony of [Employer's] witness establishes that it has a policy which requires employees to clock out for breaks longer than 20 minutes. [Claimant] was disciplined for time discrepancies. There are discrepancies in the record regarding what happened on May 17, 2021. The referee credits the [Employer's] testimony over that of [Claimant]. The supervisor asked [Claimant] to make a phone call. [Claimant] did not respond to the supervisor for forty minutes. [Claimant] indicated that she had needed a break. [Claimant] had not clocked out. After being warned about properly reporting time worked, [Claimant] should have been more diligent in taking breaks and should not have been inactive for forty minutes. [Claimant's] actions indicate a disregard of [Employer's] rules and of the standard of behavior an employer has a right to expect of its employees. Therefore, [Employer] has established that it discharged [Claimant] for actions that constitute willful misconduct connected with the work and benefits will be disallowed under Section 402(e) of the Law.

*Id.* at 215-16. Claimant appealed the Referee's decision to the Board. On September 7, 2023, the Board issued an order, adopting the Referee's findings and conclusions, with minor modifications, and affirming the denial of UC benefits. *Id.* at 238-39.

Claimant now petitions for review in this Court.[2]

## II. Discussion

Before this Court, Claimant argues that the Board erred by determining that she committed willful misconduct under Section 402(e) of the Law. In response, the Board asserts Employer met its burden to demonstrate that Claimant violated a

---

[2] Our review of the Board's order "is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2. (Pa. Cmwlth. 2014). As to matters of law, this Court's review is plenary. *County of Allegheny Orphans' Court/Fifth Judicial District of Pennsylvania v. Unemployment Compensation Board of Review*, 220 A.3d 730, 735 n.2 (Pa. Cmwlth. 2019).

work rule so that the burden then shifted to Claimant to show good cause for her actions, which she failed to do. The Board further maintains that Claimant's brief does not comply with the Rules of Appellate Procedure because it does not conform to Pennsylvania Rules of Appellate Procedure (Pa.R.A.P) 2116(a), 2111(a), 2119, and 2174. It contends that her noncompliant brief precludes meaningful appellate review. (Respondent's Br. at 5.)

Here, Claimant's brief is not compliant with the cited rules and this is in derogation of Appellate Rule 2101[3] because the brief fails to include: most of the elements required by Pa.R.A.P. 2111(a); a statement of the questions involved as required by Pa.R.A.P. 2116(a); citations to the record or case law required by Pa.R.A.P. 2119; or a table of contents or table of citations as mandated by Pa.R.A.P. 2174.

This Court has stated that while the Rules of Appellate Procedure apply to attorneys and *pro se* litigants alike, "this Court is generally inclined to construe *pro se* filings liberally." *Smithley v. Unemployment Compensation Board of Review*, 8 A.3d 1027, 1029-30 n.6 (Pa. Cmwlth. 2010). We have also held that to assess whether we can reach the merits of a claim raised by a *pro se* litigant, we must consider whether the defects are so substantial that they preclude "meaningful appellate review." *Tewell v. Unemployment Compensation Board of Review*, 279 A.3d 644, 652 n.9 (Pa. Cmwlth. 2022).

Although Claimant's brief does not comply with the Rules of Appellate Procedure, we are sufficiently able to discern her arguments from her filing to conduct

---

[3] Appellate Rule 2101 provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

our review because her brief makes clear that Claimant is challenging the Board's findings of fact. *Smithley*, 8 A.3d at 1029, n.6 (declining to quash a claimant's brief for failure to comply with the Pennsylvania Rules of Appellate Procedure "because she is proceeding *pro se* and we are able to discern the legal arguments raised"); *Richardson v. Pennsylvania Insurance Department*, 54 A.3d 420, 426 (Pa. Cmwlth. 2012) (stating "this Court has deemed meaningful review of the merits possible when it could discern a [*pro se*] appellant's argument" (citation omitted)); *Russell v. Unemployment Compensation Board of Review*, 812 A.2d 780, 783 n.3 (Pa. Cmwlth. 2002) (same). "Moreover, we can limit our review to those cognizable arguments we can glean despite the brief's noncompliance." *Richardson*, 54 A.3d at 426 (citations omitted).

Because we are able to discern Claimant's arguments from her filing, we decline Employer's invitation to dismiss the appeal on this basis. *See Seltzer v. Department of Education*, 782 A.2d 48, 53 (Pa. Cmwlth. 2001) (stating "we may waive egregious violations of the Rules . . . when such omissions do not substantially interfere with our review of the appellate record").

*General Principles Governing Section 402(e)*

Pursuant to Section 402(e) of the Law "[a]n employe shall be ineligible for compensation for any week . . . [i]n which [her] unemployment is due to [her] discharge or temporary suspension from work for willful misconduct connected with [her] work . . . ." 43 P.S. § 802(e). Willful misconduct is defined as (1) a wanton and willful disregard of an employer's interest; (2) a deliberate violation of an employer's rules; (3) a disregard of the standards of behavior that an employer can rightfully expect from an employee; or (4) negligence showing an intentional disregard of the employer's interest or the employee's duties and obligations. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2003).

7

Where the claimant is discharged for a work rule violation, the employer has the burden to show that the claimant was aware that the work rule existed and that the claimant violated the rule. *Roberts v. Unemployment Compensation Board of Review*, 977 A.2d 12, 16 (Pa. Cmwlth. 2009); *Bishop Carroll High School v. Unemployment Compensation Board of Review*, 557 A.2d 1141, 1143 (Pa. Cmwlth. 1989). Once the employer establishes those elements, the burden shifts to the claimant to show that he or she had good cause to violate the rule or that the rule was unreasonable. *Id.* Good cause is established "where the action of the employee is justified or reasonable under the circumstances." *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631, 634 (Pa. 1976); *See also Sipps v. Unemployment Compensation Board of Review*, 181 A.3d 479, 482 (Pa. Cmwlth. 2018) (citation omitted).

"Whether a claimant has good cause to violate an employer's rule or policy is a question of law subject to this [C]ourt's review and should be viewed in light of all of the attendant circumstances." *Docherty v. Unemployment Compensation Board of Review*, 898 A.2d 1205, 1208 (Pa. Cmwlth. 2006). "To determine whether the claimant has satisfied this burden of proof (good cause), this Court must examine the reasons for the claimant's non-compliance and determine whether he or she acted reasonably under the circumstances." *Id.* at 809.

*Analysis*

Claimant argues Employer failed to demonstrate that she violated a work rule. Specifically, she challenges the Board's finding that Employer has a work rule requiring its employees to clock out whenever they take a break longer than 20 minutes. However, the Board's finding was amply supported by the record. Employer's witnesses both testified to the existence of this rule and to Claimant's knowledge of it. (C.R. at 197, 199, 202-04.) Although Claimant testified that she was not aware of this rule or policy, the Board credited Employer's witnesses. Further, the Board expressly

8

found that Employer required its employees to clock out if a break extends longer than 20 minutes. (Finding of Fact (F.F.) No. 5; C.R. at 215.) The Board also stated that "[i]n the present case, the credible testimony of [Employer's] witness establishes that it has a policy which requires employees to clock out for breaks longer than 20 minutes." (C.R. at 215.)

It is well settled that questions of credibility and the resolution of evidentiary conflicts are exclusively within the Board's discretion and may not be re-evaluated on appellate review. *Waverly Heights, Ltd. v. Unemployment Compensation Board of Review*, 173 A.3d 1224, 1227 (Pa. Cmwlth. 2017.) "When there is substantial evidence to support the Board's findings, they are conclusive on appeal, even if there is contrary evidence of record." *Bowen v. Unemployment Compensation Board of Review*, 311 A.3d 641, 648 (Pa. Cmwlth. 2024.) Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Woodring v. Unemployment Compensation Board of Review*, 284 A.3d 960, 964 (Pa. Cmwlth. 2022). Because substantial evidence exists to support the Board's finding on this issue, we may not disturb it on appeal.

Claimant next maintains that, contrary to the Board's finding, she was not on a break for 40 minutes on the day in question. However, as noted, "the Board is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. . . . Where substantial evidence supports the Board's findings, they are conclusive on appeal." *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted). Here, Employer's direct supervisor testified that Claimant did not respond for 40 minutes after being asked to place a telephone call. She further testified that Claimant admitted to her at that time that she **was** on a break. Although Claimant disputed that she was on a break, the Board credited Employer's testimony over Claimant's testimony. We find that the

9

testimony of Claimant's supervisor, which was credited by the Board, constitutes substantial evidence that supports the Board's findings on this issue.[4]

Based upon the forgoing, we conclude that substantial evidence exists to support the Board's findings of fact and conclusions of law, and we discern no error in the Board's decision. Accordingly, we affirm the Board.

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] Claimant's brief discusses various other issues, including, among others, her belief that her termination was due to discrimination or retaliation. However, because these issues were not raised in her appeal to the Board, they are waived. *Hubbard v. Unemployment Compensation Board of Review*, 252 A.3d 1181, 1186-87 (Pa. Cmwlth. 2021) (citations omitted).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Grabosky,      :
     Petitioner   :
           :
   v.       :  No. 1199 C.D. 2023
           :
Unemployment Compensation  :
Board of Review,      :
     Respondent  :

## *ORDER*

AND NOW, this 18th day of May, 2026, the September 7, 2023 order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge